WILLIAM M. BOYD, plaintiff in error, *vs.* R. S. McFARLIN, defendant in error.

1. As the defendant showed that he had had sufficient time before court to have taken out interrogatories for the absent witnesses, who resided in an adjoining county, and had failed to do so, the continuance was properly refused.

2. It is not sufficient that a sheriff's advertisement of a sale was once a week for four successive weeks, if twenty-eight days do not elapse between the first advertisement and the sale. The advertisement must be weekly for twenty-eight days.

3. Where the transferee of an execution claimed to have purchased it from the original plaintiff, it was competent for the defendant in *fi. fa.*, who had filed an affidavit of illegality to the effect that the execution had been paid off, to show that such transferee had agreed to lend him the money with which to take up the note upon which the judgment now sought to be enforced by execution, was based; that the payment to the original plaintiff was in accordance with such agreement, and that, therefore, the execution was discharged.

Continuance. Levy and Sale. Advertisement. Illegality. Evidence. Before Judge BUCHANAN. Troup Superior Court. May Term, 1876.

An execution in favor of Wiley P. Burkes against Wm. M. Boyd, having a transfer thereon to R. S. McFarlin, was levied on certain land as the property of the defendant. The levy was made on January 7th, 1876, and the sale advertised to take place on the first Tuesday in the next month, which came on the first day thereof. The defendant filed an affidavit of illegality, based on two grounds:

1. Because the advertisement by the sheriff was not such as is required by the statute; that twenty-eight days would not elapse between the first advertisement and the sale.

2. Because the execution had been paid off.

When the case was called, the defendant moved for a continuance on account of not having present the evidence of a witness who resided in an adjoining county. It appeared from his showing that he had had time to have taken out interrogatories, but had failed to do so. The motion was overruled, and he excepted.

On demurrer, the first ground of illegality was stricken, and defendant excepted.

Defendant offered to prove that before the judgment, now sought to be enforced, was rendered, McFarlin agreed to lend him the money, at seven per cent., with which to take up the note upon which it was based; that the payment to Burkes, after judgment, was in accordance with this agreement; that, therefore, the payment was a satisfaction and not a purchase of the execution.

Upon objection, this evidence was excluded, and defendant excepted.

The jury found for the plaintiff. The defendant moved for a new trial because of error in the refusal of a continuance, in sustaining the demurrer to the first ground of illegality, and in the aforesaid exclusion of testimony. The motion was overruled, and the defendant excepted.

BIGHAM & WHITAKER, for plaintiff in error.

SPEER & SPEER, for defendant.

WARNER, Chief Justice.

This case came before the court below on an issue formed upon an affidavit of illegality to an execution, made by the defendant therein. There were two grounds of illegality to the execution insisted on by the defendant in his affidavit. First, that the execution, which had been levied on his property, was proceeding illegally to sell the same, because it was levied thereon on the 7th of January, 1876, and advertised to be sold on the first Tuesday in February, 1876, and therefore it had not been advertised weekly for four weeks, as the statute requires. Second, that the execution had been paid off and discharged. On the trial of the case, the jury found a verdict in favor of the plaintiff in execution. The defendant made a motion for a new trial on the grounds therein set forth, which was overruled by the court, and the defendant excepted.

1. There was no error in refusing to continue the case, on the showing made therefor by the defendant, as disclosed in the record.

2. The plaintiff demurred to the first ground of illegality taken in the defendant's affidavit in relation to the advertisement of the property, which the court sustained, and that is one of the grounds contained in the motion for a new trial. The 3649th section of the Code declares, that it shall be the duty of sheriffs to publish weekly, for four weeks, in some newspaper published in their counties respectively, notice of all sales of land and other property, etc., and the question is, whether the publication of the notice of the sale of the land in the newspaper four times in four consecutive weeks, was a compliance with the statute, or whether the publication of the sale of the land should have been made in the newspaper weekly for four weeks, that is to say, weekly for twenty-eight days. In the con-

struction of this section of the Code, we do not feel author-
ized to depart from the express words thereof, and to hold
that the published notice of the sale of land by the sheriff
for a shorter period of time than twenty-eight days, would
be a compliance with the statute.   The published notice of
the sale of land by the sheriff should be published weekly
in the newspaper, for four weeks, and this construction of
this section of the Code, is in accordance with the ruling of
this court in *Smith vs. Thompson* (3d *Kelly's Rep.*, 23), so
far at least as the principle involved is concerned.   This is
not an attempt to set aside a sale of land made by the sher-
iff under an execution, but it is an attempt to arrest the
illegal proceedings to sell the defendant's property under
an execution levied thereon, by an affidavit of illegality.

3. In our judgment, the court erred in ruling out the
evidence offered by the defendant as stated in the bill of
exceptions.   The theory of the defendant's case, was that
by an agreement with McFarlin, he was to loan him the
money to take up the note on which the judgment in favor
of Burkes was founded, and that when McFarlin advanced
the money and took up the execution, it was done in pur-
suance of that agreement, and, therefore, it was a payment
of the execution so far as McFarlin was concerned.   The
defendant did not propose to go behind the judgment and
show it had been paid off, so far as the plaintiff, Burkes, was
concerned.   All that he claimed and proposed to show, was
that when McFarlin advanced the money to the plaintiff in
the execution, that it was his money which he, McFarlin,
had agreed to loan him for that purpose.   This McFarlin
denied, and insisted that it was his own money that he had
advanced to the plaintiff in execution as a purchaser, and took
a transfer thereof in his own name.   Was the money advanced
by McFarlin to the plaintiff in execution, so advanced by
him as a loan to the defendant to pay off that debt under the
agreement as testified to by the defendant, or was the money
paid by McFarlin to the plaintiff in execution, paid as his
own money, and did he become the purchaser and transferee

of the execution, as stated by him in his testimony? The evidence should have been submitted to the jury, inasmuch as it did not impeach the validity of the judgment obtained in favor of Burkes against the defendant; that was not the object of his testimony, but the object of the defendant's testimony was to show that the execution was paid off by McFarlin with the money which he had previously agreed to loan him to pay off that debt.

Let the judgment of the court below be reversed.