## BENTLEY *et al. v.* SHINGLER.

1. It was not essential to the validity of tax executions against wild lands, issued by the comptroller-general under the act of February 28, 1874, that the same should recite that the lands were wild or unimproved, or that they had not been returned for taxation.

2. A statutory requirement that a given advertisement shall be published in a designated newspaper "once a week for four weeks," before a particular thing can lawfully be done, is complied with if the advertisement be inserted in that paper four times, in as many separate, consecutive weeks, and the first insertion is made in an issue of the paper published twenty-eight or more days before the thing in question is done.

3. The law did not require sheriffs' sales under executions issued in pursuance of the above-mentioned statute to be advertised for ninety days, but that they should be advertised weekly, for four weeks, before the day of sale.

Argued July 26, — Decided August 9, 1900.

Complaint for land. Before Judge Smith. Wilcox superior court. September term, 1899.

*J. W. Haygood, D. A. R. Crum,* and *Greer & Felton,* for plaintiffs. *J. H. Martin,* for defendant.

LUMPKIN, P. J. The plaintiffs in error, W. H. Bentley and others, brought against J. H. Shingler an action for the recovery of lots of land 277 and 278 in the 12th district of Wilcox county. They proved that they were the heirs at law of M. A. Bentley, deceased, and introduced grants to him from the State 'of the lots in question. The defendant introduced two executions issued by the comptroller-general against these lots, respectively, for taxes alleged to be due thereon and unpaid, and also two deeds from the sheriff of Wilcox county to one Jonathan Walker, in one of which that officer undertook to convey to Walker lot 277, and in the other lot· 278. Each of these deeds contained a recital that the lot therein described had been sold under a tax execution issued by the comptroller-general, and the execution referred to in each deed corresponded as to description with one of those in evidence. The defendant also introduced a quitclaim deed to himself from Walker, covering both lots. There was no dispute that when the executions were issued and the sheriff's sales had thereunder the lots in controversy were wild lands. The plaintiffs

then tendered in evidence what purported to be the original files of the Constitution, a newspaper published in Atlanta, embracing issues of divers dates. The court rejected the same, and upon this action the plaintiffs assign error. After the close of the testimony on both sides, the court directed a verdict in favor of the defendant, and to this also the plaintiffs excepted. The case turns upon the three questions discussed below.

1. The executions issued by the comptroller-general did not contain a recital that the lots were wild or unimproved lands, or that they had not been returned for taxation. These executions were issued under the act of February 28, 1874 (Acts 1874, p. 105). It was insisted by counsel for the plaintiffs in error that the executions were, for want of such a recital, void, and that the sales thereunder were likewise void. It is only necessary to refer to the decisions of this court in *Greer* v. *Fergerson*, 104 *Ga.* 552, and *Hilton* v. *Singletary*, 107 *Ga.* 821, 826, to show that there is no merit in this contention.

2. The executions in question were issued on the first day of October, 1877. If the files of the Constitution which the court rejected had been admitted in evidence, the following facts would have appeared : The comptroller-general published in that paper an advertisement requiring the owners of the lots in dispute to come forward and return the same for taxation and to pay the taxes thereon, and notifying them that, in default of so doing, the lands would be sold. This advertisement was published four times, the dates of the papers in which it was inserted being, respectively, August 31, September 7, September 11, and September 18, 1877. There was no publication of the advertisement before August 31 or after September 18. The above-mentioned act of February 28, 1874, as amended by that of March 2, 1875 (Acts of 1875, p. 119), required the comptroller-general to publish such advertisements " once a week for four weeks," before issuing executions. Counsel for the plaintiffs in error contended that inasmuch as the rejected newspaper files would have shown that the full period of twenty-eight days did not elapse between the first and last insertion of the advertisement under consideration, it would thus have been established that the law was not complied with, and that consequently the executions were invalid. To this we can not agree.

More than twenty-eight days elapsed between August 31 and the date of the executions, which, as has been seen, was October 1, and this was sufficient, there being no dispute that each insertion appeared in a separate and distinct calendar week from any of the others. See, in this connection, *Boyd* v. *McFarlin,* 58 *Ga.* 208 ; *Montford* v. *Allen,* ante, 18.

3. It was further urged, in behalf of the plaintiffs in error, that the sheriff's sales under which the defendant asserted title were void, because the same were not advertised for ninety days, and that Walker, the defendant's grantor, must necessarily have so known, for the reason that the executions were levied on May 1, and the sales took place on July 2. The reply is, that the law did not require the sheriff to advertise these sales for a period of ninety days. With reference to this matter, the act of 1874 provided : "On the expiration of the time of advertisement, the comptroller-general shall issue execution against all unimproved or wild lands not returned for State and county tax, as per assessment in the county where the land lies, assessing the value at the average value of such land in the county where it lies, which execution shall be directed to the sheriff of the county where the land lies, and the sheriff shall forthwith proceed to advertise and sell the same under the same rules and regulations as govern other sheriff sales." Under the rules and regulations governing sheriffs' sales at that time, a levying officer was required to advertise sales of land "weekly, for four weeks." Code of 1873, § 3647. The requirement that property sold by a sheriff under an execution issued by a tax-collector should be advertised for ninety days (Ibid. § 897) had no application to sales made under executions issued by the comptroller-general. Doubtless the reason for providing that sales under such executions should be advertised for a shorter period than sales made under executions issued by tax-collectors was that the persons affected by those of the former class would, by the advertisement which the act of 1874 required the comptroller-general to publish, be given timely and sufficient warning of the necessity of coming forward and returning their wild lands and paying the State the taxes due upon the same, while no preliminary warning was provided in the case of executions issued by tax-collectors.     *Judgment affirmed.     All the Justices concurring.*