(Superior Court of Cincinnati.)
Special Term 1901.
FENNER v. THE CITY OF CINCINNATI.

Where a statute provides that municipal bonds can only be issued "After advertising the same for sale once per week for four consecutive weeks of the same day of the week in some newspaper of general circulation in such city," no sale of such bonds can be had until notice of four weeks or twenty-eight days shall have been given; and the statute is not complied with where an advertisement is inserted on the 8th, 15th, 22d and 29th of the month calling for sealed bids to be submitted on or before 12 o'clock on the 31st.

*Reversed in General Term by divided court, see infra, 342.

SMITH, J.

This is an action by a taxpayer under section 1777 and section 1778 of the Revised Statutes of Ohio.

The facts in the case are not disputed, and are as follows:

In April, 1898 (93 O. L., 374), the General Assembly of Ohio passed an act authorizing the administrative board of this city during each year of the four fiscal years following the passage of the act, in addition to any amounts previously authorized by law, to issue bonds not to exceed in any one year $100,000, for the purpose of" repairing any streets, avenues, highways or alleys in such city, which had been heretofore paved with boulders, cobblestone or limestone, and paid for at the expense, in part or in whole, of the property fronting or abutting on such streets, avenues, highways or alleys, by causing a new pavement of any other material to be placed upon the old foundation under such pavement." The law further provides that the bonds can only be issued after advertising the same for sale once per week for four consecutive weeks on the same day of the week in some newspaper of general circulation in such city."

The board of public service desirous of availing themselves of the provisions of this act, and of issuing $100,000, of bonds for the year 1899, on December 8, 1900, caused to be published an advertisement for sealed proposals for the purchase of such bonds. The advertisement *inter alia* contained the following notice:

"SEALED PROPOSALS

"Will be received at the office of the city auditor of the city of Cincinnati until 12 o'clock noon of December 31, 1900, for the purchase of two hundred bonds of the city of Cincinnati, bearing date of December, 1, 1900, and payable December 1, 1920, with option of redemption December 1, 1910, for the sum of $500 each, and with interest thereon at the rate of 3½ per centum per annum, payable semi-annually at the American Exchange National Bank, New York."

The first insertion of the advertisement was made upon December 8, 1900, the second upon December 15, 1900, the third upon December 22, 1900, and the fourth upon December 29, 1900, and no other publication of the notice has been or will be made.

The defendants intend on December 31, 1900, to award the bonds mentioned in the advertisement to the highest bidder, and unless enjoined by this court will carry out that intention.

The plaintiff makes two objections to the issue of the bonds:

First. That the notice of sale has not been made for such length of time as the law requires.

Second. That the proviso that the interest shall be payable at the American Exchange National Bank, of New York, is not authorized by law.

The importance of the case lies in the fact that if the notice of sale which has been given is held to be insufficient to authorize the sale of the bonds, the right to authorize the sale is lost forever, for the reason that the act authorizes the issue of not more than $100,000, in bonds in any one year for four years following the passage of the act, and sufficient time does not now remain in the year to enable a new advertisement to be made.

The validity of the first objection depends upon the construction of the words "once per week, for four consecutive weeks," which is the length of time for which the advertisement of notice of the sale of the bonds shall be made.

It is conceded that this provision with respect to the length of time of the advertisement is a condition precedent to the issue of the bonds, and unless complied with the city authorities have no power to issue the same (City of Lancaster v. Miller, 58 O. S.,575).

The position of the city is that four advertisements, with an interval of a week between each one, is a compliance with the statute, and that as the advertisements were made on December 8th, 15th, 22th and 29th the statute has been complied with, and the bonds may be sold either on December 30th or 31st.

On the other hand the contention of plaintiff is that the intention of the law is to require a notice of four weeks or twenty-eight days,

although the advertisement need not be insert-ed more than four times, provided one insertion is made each week, and as December 31st would be but the twenty-third or at most the twenty-fourth day after the first notice had been made, there had been a failure to comply with the statute.

In view of what seems clear to me to be the intention of the General Assembly, viz., that *no bonds shall be sold until four weeks notice of such sale shall have been given,* there is no doubt in my mind that no sale can be had until notice of four weeks or twenty-eight days shall have been given to the bidders. The other construction results in requiring a notice for less time than four weeks.

If we turn to the authorities on the question we find the great weight of authority sustains this plain, simple and natural reading of the statute.

In 16 Am. & Eng. Ency. of Law, 817, it is stated that "where a notice is required to be published once a week for a certain number of weeks, it is held in a majority of the cases, though not in all, that the full number of days to constitute the required number of weeks must elapse between the first publication and the happening of the event of which notice is given, and that publication once in each of the required number of weeks is not sufficient unless the full number of days has elapsed." In Bacon v. Kennedy, 56 Mich., 329, the statute required a publication in a foreclosure sale to be "once a week for twelve consecutive weeks." The court held that "the object of this was manifestly to give that full interval between the first notice and the sale."

In Boyd v. Mc Farlin, 58 Ga., 208, the law required that before a sale on execution could be had there must be a publication weekly for four weeks.

The court held that a publication "for a shorter period of time than twenty-eight days would not be a compliance with the statute."

In Early v. Doe, 16 Howard's Reports (57 U. S.), 610, it was held, in a case of a sale to pay taxes that

"Where the language of the statute was 'that public notice of the time and place of the sale of real property for taxes due to the corporation of the city of Washington shall be given by advertisement inserted in some newspaper published in said city once in each week for at least twelve consecutive weeks, it must be advertised for twelve full weeks or eighty four days.'"

Other cases outside this state supporting this construction are Meredith v. Chaney, 59 Ind., 466; Cox v. Wisconsin Lumber Co., 82 Wisc., 141; Davis v. Robinson, 70 Texas, 394; American National Bank v. Pacific National Bank, 89 N. Y., 397; Pratt v. Linkcom, 21 Minn., 142; Trust Co. v. R. R. Co., 139 U. S., 137; Wilson Ins. Co., 65 Fed. Rep., 38.

This case having been presented to me Saturday morning, and being obliged to decide it today (Monday, December 31), I have not had an opportunity of learning whether there are any authorities in Ohio on this subject other than those cited by counsel; but I assume that there are none.

The plaintiff cites the case of Miller v. Pearce, 2 Cincinnati Superior Court Reporter, 50, in which case the statute under review required that before the Trustees of the Water Works of Cincinnati entered into a certain class of contracts they should "cause at least two weeks notice to be given in one or more daily newspapers of general circulation in the corporation."

In construing this provision the court said:

"It is claimed in argument that the notice was a 'two weeks' notice' within the meaning of the statute, because it was inserted in the daily newspapers in two successive weeks, although the contract was awarded on the tenth day after the first publication. But it is clear to my mind that 'two weeks' notice' can not be considered as having been given in the daily papers before the expiration of two weeks from the first publication."

The city relies upon the case of Core v. Oil & Oil Land Co., 40 O. S., 636. That case is stated in the report as follows:

"In an attachment suit against a non-resident defendant, the notice was first published on November 8th in a weekly newspaper. It appeared in each successive weekly issue of the paper until December 13, the last publication being in the paper of that day, which was Friday. The notice contained a summary statement of the object and prayer of the petition, and added: 'And that an attachment has been issued in said case, and that said defendant is required to answer on or before December 28, 1878. *Held*: The service was complete on December 13 (section 5051, Rev. Stats.).'"

At first blush this decision seems to be directly in point in favor of the city, for the reason that our statute with respect to constructive service (section 5050) provides that "the publication must be made for six consecutive weeks in a newspaper * * * if it be made

in a daily newspaper one insertion a week is sufficient." But the reading of the next section, 5051, which the court cites, destroys the effect of the case as an authority upon the question at bar, for the reason that section 5051 expressly makes a publication for less than six weeks, or forty-two days, sufficient, the section declaring that, "service by publication shall be deemed complete *at the date of the last publication* when made in the manner and for the time prescribed in the preceding sections."

The cases of Mailing v. Robrecht, 13 W. Va., 440; Banta v. Wood, 32 Iowa, 470; Knowlton v. Knowlton, ——, 158, and Decker v. Myles, 4 Col., 558, may be said to sustain the contention of the city, but the weight of the authority is clearly against them ; they seem to depend upon authority rather than force of reasoning; and to my mind could not be accepted as controlling in this case without violating both the letter and the spirit of our statute.

An order of injunction will, therefore, issue in this case enjoining the Board of Public Service from awarding the bonds described in the advertisement.

Ellis G. Kinkead, H. K. Rogers for plaintiff; Charles J. Hunt, Charles W. Scott, Corporation counsel, for defendants.

---

(Superior Court of Cincinnati.)
Special Term 1901.
(Before DEMPSEY, JACKSON & MURPHY, JJ.)
THE CITY OF CINCINNATI et, al. v.CALVIN M. FENNER.