### 11341. SOUTHERN OLDSMOBILE CO. *v.* BAKER.

1. In the trial of a statutory claim to property levied on under a mortgage fi. fa., proof of either possession or title in the mortgagor at the date of the mortgage, together with proof of possession in him, or in the legal representative of his estate, at the date of the levy, raises a presumption that the property is subject to the fi. fa. Civil Code (1910), § 5170; *Morris* v. *Winkles,* 88 *Ga.* 717 (1) (15 S. E. 747). This presumption, however, is prima facie only, and may be rebutted by clear and unequivocal proof establishing a superior right in the claimant. *Green* v. *Wade Chambers Grocery Co.* 19 *Ga. App.* 454 (91 S. E. 789); *Atlantic Coast Line R. Co.* v. *Drake,* 21 *Ga. App.* 85 (4) (94 S. E. 65).

2. Generally a chattel mortgage executed by a husband must on his death yield to the right of his family to a year's support out of his estate. Civil Code (1910), § 4041; *Cole* v. *Elfe,* 23 *Ga.* 235; *Puffer* v. *Caldwell,* 111 *Ga.* 798 (2) (36 S. E. 927.) The only exception to this rule is in the case of a purchase-money mortgage expressly reciting that it is executed and delivered for the purpose of securing the debt for purchase-money. Civil Code (1910), § 4049; *Corbitt* v. *Newbern,* 132 *Ga.* 457 (64 S. E. 479).

3. The requirement of section 4043 of the Civil Code (1910), that, upon the return of appraisers setting apart a year's support to the family of a decedent, " the ordinary shall . . publish notice as required in the appointment of permanent administrators, " is sufficiently complied with where the proper advertisement is inserted in the official organ of the county four times, in as many separate, consecutive weeks, and the first insertion so made is in an issue of the paper published twenty-eight or more days before such return of the appraisers is made the final judgment of the court. Civil Code (1910), § 3970; *Bentley* v. *Shingler,* 111 *Ga.* 780 (2) (36 S. E. 935).

4. Where the final order of the ordinary upon such a return recites

that notice has been published "as required by law," and the entire record with respect to the year's support is on its face full and complete, the recital must be accepted as true, in the absence of aliunde evidence conclusively showing that it is in fact untrue. Park's Ann. Code, § 5736, and annotations under the catchwords "Courts and judicial officers" (p. 3797). See also *Winn* v. *Lunsford,* 130 *Ga.* 436 (1) (61 S. E. 9).

5. Where it appears that five weeks elapsed between the date of the citation and the final order of the ordinary on the return of appraisers setting apart a year's support to the family of a decedent, proof that notice of the proceeding was not published during the fifth week is insufficient to show that such notice was not published "once a week for four weeks;" nor can it overcome the presumption in favor of such final order of the ordinary reciting that the notice "had been published as required by law." *Winn* v. *Lunsford,* supra; *Carter* v. *Copeland,* 147 *Ga.* 417 (94 S. E. 225).

6. The court did not err in excluding proof of the character indicated in the preceding paragraph.

7. The evidence as a whole, with all reasonable deductions and inferences therefrom, demanded a verdict finding the property not subject to the fi. fa. It follows that the court did not err in directing a verdict accordingly. Civil Code (1910), § 5926.

DECIDED JULY 29, 1920.

Levy and claim; from Miller superior court — Judge Worrill. January 10, 1920.

*P. D. Rich, J. H. Tipton,* for plaintiff.

*W. I. Geer,* contra.

LUKE, J. The Southern Oldsmobile Company foreclosed against Mrs. Annie Baker, as administratrix of George D. Baker, deceased, its mortgage on a certain automobile, executed by the decedent to secure a debt of $1,050, "for value received." The entry of levy recites that the property was "found in the possession of Mrs. Annie Baker." A statutory claim was interposed by Mrs. Baker, denying that the automobile was the property of the estate of her deceased husband, George D. Baker, and asserting that it was her own individual property. Upon the trial the judge directed a verdict finding the property not subject to the mortgage fi. fa. The plaintiff thereupon moved for a new trial, which was overruled, and it excepted.

1, 2. The first and second headnotes need no elaboration.

1-6. Upon the trial of the claim the plaintiff in fi. fa. made out a prima facie case, in accordance with the principles stated in the first headnote. The claimant established her superior right under the principles stated in the second headnote. The mortgage did not

on its face show that it was given to secure purchase-money; and the claimant showed that she was the widow of the deceased mortgagor, and put in evidence an exemplification of the record of a proceeding in the court of ordinary, setting apart to her, out of the mortgagor's estate, the identical automobile in question, as a year's support. The exemplification from the court of ordinary was upon its face regular and complete in all respects, the final judgment of the ordinary reciting that " citation had issued and been published as required by. law." The citation itself was dated December 3, 1918, while the final judgment of the ordinary was dated January 6, 1919. · In rebuttal of the claimant's showing, ·the plaintiff in fi. fa. offered to prove that one issue of the official organ of the county between those two dates, to- wit, the issue of January 1, 1919, did · not contain any notice of the said proceeding in the court of ordinary; but this evidence was excluded by the court, and the judgment excluding it is assigned as error.

By section 4043 of the Civil Code (1910) it is required that, upon the °filing of the return of appraisers setting apart a year's support, " the ordinary shall . . publish notice as required in the appointment of permanent administrators." By section 3970, with reference to permanent administrators, it is provided that " The ordinary must issue a citation, giving notice of the application to all concerned, in the gazette in which the county advertisements are usually published, once a week for four weeks." In so far as the publication of notice is concerned, the sole requirement of section 4043 therefore is publication " once a week for four weeks." In *Bentley* v. *Shingler,* 111 *Ga.* 780 (2) (36 S. E. 935), the Supreme Court, in dealing with the same expression in a different statute, but upon substantially similar facts, held: " A statutory requirement that a given advertisement shall be published in a designated newspaper ' once a week for four weeks,' before a particular thing can lawfully be done, is complied with if the advertisement be inserted in that paper four times, in as many separate, consecutive weeks, and the first insertion is made in an issue of the paper published twenty-eight or more days before the thing in question is done." Under that decision the excluded evidence, even if it had been admitted, could have served no lawful purpose. It could have shown only that the notice was not published in the last of five weeks in which it might have been published, and would not

even have tended to contradict the recital in the judgment that it had been published as required by law. But it is insisted that the language of section 6063 of the Civil Code (1910) makes it necessary for the advertisement to run during the four weeks "immediately preceding the term or day when the order is to be granted." A sufficient reply to this contention is that the purpose of the provisions of section 6063 was to relax, and not to increase, the stringency of the provisions of the older sections of the code to which section 6063 relates. While this section expressly declares that publication during the last four weeks "shall be sufficient," yet it nowhere declares, either expressly or by necessary implication, that the first four out of five preceding weeks shall be insufficient. Furthermore, on leaving the letter of the law and looking to its practical application, to advertise during the first four rather than the last four weeks of a given five-weeks period would seem to be to the advantage of none but those who would resist the thing contemplated, in that it gives them one week more in which to prepare to resist the object of the person causing the notice to be given. We think, therefore, that the complaint is wholly without merit.

7. The evidence admitted demanded the verdict directed. The evidence excluded would not have changed the result if it had been admitted. For no reason assigned in the motion for a new trial was the plaintiff in fi. fa. entitled to have the verdict set aside or a new trial granted.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*