25117. TANNER *v.* TANNER.

DECIDED JANUARY 30, 1936.

*Heath & Heath,* for plaintiff in error.
*Kelley & Dickerson,* contra.

SUTTON, J. This case is here on exception to a judgment overruling claimant's motion for new trial. The plaintiff foreclosed a chattel mortgage executed in his favor, and had the execution levied on certain cattle and hogs. The wife of the mortgagor filed her claim, alleging that the property belonged to her. The entry of levy recited that the cattle and hogs were in the claimant's pos-

session when levied on. The plaintiff's evidence was to the effect that the cattle and hogs belonged to the mortgagor and were in his possession at the time of the execution of the mortgage, that the mortgagor stated to the mortgagee that the property was his, and entreated the mortgagee to lend him a sum of money and take a mortgage on the property; but before the plaintiff would lend him the money, he had a conversation with the claimant, the mortgagor's wife, who told the plaintiff at that time that the cattle and hogs now in question belonged to her husband, and that she owned no property; and acting on these representations the plaintiff mortgagee let the claimant's husband, the mortgagor, have the money and took the mortgage. The plaintiff also introduced evidence, which was objected to but admitted, to the effect that the mortgagor's father had given to each of his children, including the mortgagor, some cattle and hogs which were marked with certain marks, and that the mortgagor had adopted these marks as his own in marking his cattle and hogs; and it appeared that the animals described in the mortgage and levied on were so marked. The evidence of the claimant was to the effect that the cattle and hogs levied on belonged to her; that she owned the farm and home place, and her husband lived with her and helped with the farm work along with their children and the hired help; that the claimant owned all the live stock, farming implements, and crops raised on the farm, and all business was carried on in her name; that her husband was not her agent to manage the farm for her; that she did not authorize him to make this or any mortgage for her; that she received no benefit from any part of the loan, and knew nothing of the mortgage given by her husband on her cattle and hogs until sometime later; that some years earlier her father gave her a heifer and her brother gave her a young sow, and the cattle and hogs levied on were the increase of these two animals, being the only cattle and hogs on the farm; that her husband had received several hogs on a debt some years before the execution of the mortgage, but had disposed of them before he made the mortgage; and that she did not state to the plaintiff, at the time this mortgage was executed or at any other time before or since, that these cows and hogs belonged to her husband and that she owned no property except her clothes. It also appeared from the claimant's testimony that the mark on these cows and hogs, a "crop

and round hole in one ear and under bit and upper split in the other ear," was the mark used by her on her cows and hogs since she began housekeeping, and was the only mark she ever had. In 1927 she executed a chattel mortgage in favor of her father, now deceased, covering certain cows and their increase, which her evidence shows were the cattle mortgaged by her husband to the plaintiff, which mortgage has not been paid. This instrument described the cattle mortgaged as being marked by "crop and under bit in right ear and under bit and upper split in left ear." The trial resulted in a verdict finding the property subject to the mortgage fi. fa. The claimant's motion for new trial was overruled, and she excepted.

"Upon the trial of all claims provided for in this chapter, the burden of proof shall lie upon the plaintiff in execution in all cases where the property levied on is, at the time of such levy, not in possession of the defendant in execution." Code § 39-904. Thus, where the entry of levy recites that the property levied on was in the possession of the claimant, the burden is on the plaintiff in execution. This is a case of a claim interposed to the levy of a mortgage fi. fa. When mortgaged property is levied on under a mortgage fi. fa., and a claim is filed, the plaintiff in fi. fa. must prove title to the property in the mortgagor at the date of the mortgage, or make out a prima facie case by proof of possession in the mortgagor at that time, before the claimant is put to an exhibition of her title. *Butt* v. *Maddox*, 7 *Ga.* 495; *Gunn* v. *Jones*, 67 *Ga.* 398; *Southern Oldsmobile Co.* v. *Baker*, 25 *Ga. App.* 580 (103 S. E. 826); *Morris* v. *Winkles*, 88 *Ga.* 717 (15 S. E. 747); *Jones* v. *Hightower*, 117 *Ga.* 749 (45 S. E. 60). In such a case, where the entry of levy recites that the claimant was in possession of the mortgaged property at the time of the levy, the burden is on the plaintiff to make out his case in one of the ways just stated. "In a contest between the holder of a fi. fa. issued on foreclosure of a chattel mortgage, and a claimant of the personalty covered by the mortgage, where the undisputed evidence shows that the mortgagor, at the date of the execution of the mortgage, was in the actual possession of the mortgaged property, a prima facie case is made that the property is subject; and where this prima facie case is not satisfactorily rebutted, but the evidence is in conflict as to whether the mortgagor was in possession of the personalty as

owner," or whether the same was the property of the claimant, his wife, "a verdict finding the property subject, in the absence of some prejudicial error of law, will not be disturbed." *Summerlin* v. *Spence,* 8 *Ga. App.* 424 (69 S. E. 585). The issue in this case was whether the property belonged to the defendant in execution, the mortgagor, at the time of the mortgage. As stated, the evidence was conflicting on this issue, and the jury resolved it in favor of the plaintiff in fi. fa. He testified that he relied on the statement, made by the claimant at the time of the execution of the mortgage, that the property belonged to her husband, the mortgagor, and that he made the loan and parted with his money on such representation. The claimant denied making that statement. The jury were entitled to believe either witness. If the claimant made this statement to the mortgagee, and he acted thereon in making the loan and taking the mortgage, she would be estopped from asserting her title to the property as against the mortgagee. *Hall* v. *Citizens Bank,* 147 *Ga.* 27 (92 S. E. 536) ; *Wolff* v. *Hawes,* 105 *Ga.* 153 (31 S. E. 425). In such a case the party is estopped, on grounds of public policy and good faith, to repudiate his own statement which led the other party to act to his own detriment. *Tompkins* v. *Phillips,* 12 *Ga.* 52. See *Hood* v. *Duren,* 33 *Ga. App.* 203 (125 S. E. 787) ; *Wootten* v. *Braswell,* 48 *Ga. App.* 312 (172 S. E. 679) ; Code, §. 38-114. *Morris* v. *Winkles,* supra, is different on its facts from the case now under consideration, and is not contrary to the holding here, with respect to the estoppel against the claimant on account of representations as to ownership of the property, which were acted on by the plaintiff in fi. fa.

The evidence that the mortgagor's father, some years earlier, had given cattle and hogs to each of his children, including the mortgagor, was not subject to the objections presented. This evidence was admissible for two purposes: (1) it contradicted the testimony of the claimant to the effect that her husband had never owned any cattle or hogs, except some hogs taken in by him on a debt some years before, and long since disposed of by him; (2) the jury might have concluded from this evidence that the cattle and hogs mortgaged were the increase of the cattle and hogs given to the mortgagor by his father.

There was no error in failing to charge the jury the law relative to a married woman's non-liability for her husband's debts, and

to the illegality of a sale or mortgage of her property to pay his debts, and to the effect that any kind of artifice or scheme whereby this was done could be attacked by the wife as void and would not be binding on her. These matters were not involved. The question was whether the cattle and hogs mortgaged belonged to the mortgagor, or whether it was represented by the claimant to the mortgagee that they belonged to the mortgagor at the time of the execution of the mortgage, and whether that representation was acted on by the mortgagee. While the evidence was conflicting, it was sufficient to support the verdict; and no error of law appearing, the judge did not err in overruling the motion for new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*