STATHAM *v.* COUNCIL; *et vice versa.*

Nos. 13341, 13342. JUNE 14, 1940.

*James A. Fort,* for plaintiff.

*Fort, Fort & Fort,* and *Dykes, Bowers & Dykes,* for defendant.

GRICE, Justice. S. E. Statham filed suit against Mrs. Nell Council, his former wife. The nature of the litigation sufficiently appears in the report of *Council* v. *Statham,* 187 *Ga.* 13 (199 S. E. 229), when this court dealt with assignments of error relating to the pleadings only. Later a jury found in favor of the defendant. To the overruling of his motion for new trial the plaintiff excepts:

1. The first special ground of the motion complains that the court withdrew from the jury a negative answer given by the plaintiff, while on the witness stand, to the following question: Q. "Has Mrs. Council or Mrs. Statham ever made any claim or demand on you that was her property [the house and lot in dispute]?" Since the legal title was in her, her silence in not making any claim or demand of her husband would prove nothing. There appears to be no merit in this ground.

2. In the second ground it is contended that the following material evidence was illegally admitted over the objection of movant, to wit: During the cross-examination of the plaintiff, he was asked: "Q. Did not Mrs. Statham say that she did not know that this was to be when she handed you this paper?" (title to this property being put in her name). "A. She said that sometime after that, but she did not hand me that paper." The objection was that this was a confidential communication between husband and wife. It does not appear either that this was a confidential communication, or that the testimony was injurious to the movant. Compare *Lowry* v. *Lowry*, 170 *Ga*. 349, 353, 357 (153 S. E. 11, 70 A. L. R. 488). This ground presents no valid reason for the grant of a new trial.

3. In ground 3 complaint is made that the same witness was over objection asked: "Q. Following that, during the trial of that case [divorce] you filed two amendments, did you not? A. It looks like the portion you have reference here to has been stricken out for some reason; this is not signed by me, but is signed by the attorneys; it is all the same handwriting; they were attorneys authorized to act for me. I don't understand exactly what you asked me about this; the lawyers handled this part of it. Q. I just asked you if those two amendments were not filed during the progress of this case [divorce]? A. The lawyers handled this part of it. Q. You must have told him [your lawyer] this? A. I don't think I told him all." There is no merit in this ground.

4. Ground 4 complains of the admission of testimony over objection. It is recited that during the cross-examination of the same witness the following transpired (omitting the colloquies between the court and counsel): "Q. You at no time during the trial of that case [divorce] ever asked for a judgment of the court restoring title to you? Now you at no time asked in your pleadings,

or even in your evidence during the trial of that case, that the title to this house and lot or any part of it be restored to your name? You did not, did you? A. No, sir. I don't think I have ever seen this final decree before; it seems that this was signed on July 16, 1938; when the jury was considering this case on the second verdict I did not understand that the jury returned back to the courtroom and asked the judge of the court in whom the title to this house and lot vested. Q. Did you not serve us with notice to produce this deed? A. I think we did, but you all ruled it out before the trial started." The court said: "I will admit it tentatively." The testimony should have been ruled out, but admitting it tentatively is not cause for new trial.

5. The basis of ground 5 is that on the cross-examination of the same witness he was asked: "Mrs. Statham tried to get you to have the floors painted in 1935, the early part of 1935; she asked you to paint the porch floors, and did you not say to her you were not interested in the damn porch floors?" A. "No, sir, I did not say that." This ground is without merit.

6. In ground 6 it is contended that the court erred in admitting certain evidence. During the direct examination of Harris Council, a witness for defendant, the following transpired: "Q. Do you recall whether he [Mr. Statham] knew or not that that agreement had been made before the deed was made?" (to put title in Mrs. Statham's name). Mr. Fort: "I object to that as a conclusion of the witness." The court: "If he knows Mr. Statham knew it, he can testify that." "A. I am certain he knew it. Just why I am I don't know." Whether or not the testimony was a conclusion, as contended, its admission, in view of the entire record, is not cause for reversal.

7. Ground 7 complains that evidence as to the financial status of plaintiff was admitted over objection. It was a statement of his financial worth after the date of the conveyance of the property involved in the suit. It does not appear that the court made any ruling. On that subject, all that the motion recites is as follows: The court: "I can understand his financial status at the time of the alleged gift—I understand how that may be material; but what happened way after that I don't see how that could be material. I understand this testimony here related to his status at the time of the separation. His status at the time of the gift probably would be admissible." There is no merit in this ground.

8. In ground 8 it is contended that certain material evidence was erroneously admitted over objection, the evidence being to the effect that the wife closely economized, and assisted him to economize. This ruling affords no reason for the grant of a new trial.

9. Ground 9 complains that the former wife as a witness was permitted, over objection, to testify: "Well, several years before my baby was born his brother's baby was born, and he said to me, 'Earl should give Ruth a diamond ring for this baby,' and I remembered it." This affords no reason for the grant of a new trial.

10. Ground 10 complains that the defendant was permitted, over objection, to testify as to the character of the relationship between the husband and the wife, the attitude of the husband towards her, and his treatment of her. Such testimony illustrated the issue before the jury, and was properly admitted.

11. Ground 11 is similar to ground 10.

12. Ground 12 is as follows: "Because it is contended the following material evidence was illegally admitted by the court to the jury, over the objection of movant, to wit: During the cross-examination of the defendant, Mrs. Nell Council, by Mr. Fort, the following transpired: Q. None of that compensation or gift as you call it originated from him; it was in your mind or Mrs. McKee's mind? A. It was voluntary as a gift of appreciation. Everything we had on the farm that contributed towards the family support we brought up there and helped take care of the family. Mr. Fort: I move to rule that out (contributions made after the execution of the deed to the property in dispute). The court: I don't think that is material here. Mr. Dykes: That was a gift to him, just exactly like this $500; and Mr. Fort brought it out, and I think she has a right to explain that, and we insist that that remain in the record. All living expenses it was his duty to pay for; and if she brought things from her farm and contributed, it was a gift. The court: I will allow that to stay in the record." Treating this ground as complete in itself, as we must, we can discover no prejudicial error in this ruling.

13. In a previous suit wherein the wife was plaintiff and the husband was defendant, divorce and alimony were sought. During the trial of the instant case counsel for the former wife, over objection, put in evidence portions of two amendments offered to the answer of the husband in the divorce suit. They were as follows:

(1) "And, on said facts alleged, that this defendant have and recover of said plaintiff a finding, adjudication, judgment and decree in his favor against the plaintiff, in the sum of $9000 with interest from the 18th day of May, 1923, at 7% per annum, for the purchase-price of the house and lot known as the old M. B. Council home place on Reese Park in Americus, Ga., which was bought by said defendant, as alleged, and paid for, and said payments assumed by said plaintiff, but, as alleged, have never been made." (2) "And, on the facts alleged, that this defendant have and recover of this plaintiff a finding, adjudication, judgment and decree in his favor against said plaintiff, the sum of $9000 with interest from the 19th day of May, 1923 at the rate of 7% per annum, for the purchase-price of the house and lot known as the old 'M. B. Council home place,' on Reese Park, Americus, Ga., which was bought by said defendant, as alleged, and paid for, and said payments assumed by said plaintiff, but, as alleged, have never been made. However, in the event it should be found and adjudicated that plaintiff is entitled to recover any alimony whatever of this defendant, and it should be less than what said plaintiff owes this defendant on the balance of the purchase-price of said house and lot, that said amount of alimony be credited against the amount of such judgment as may be rendered in defendant's favor; and in the event it should be found and adjudicated that said plaintiff is entitled to recover alimony of this defendant in excess of whatever sum may be found in defendant's favor against the purchase-price of said house and lot, then in that event the balance of the purchase-price of said house and lot should be credited on the amount so found to be due plaintiff for alimony; and in the event it should be found and adjudicated that plaintiff is entitled to recover any alimony at all of this defendant, then and in that event this defendant have judgment against said plaintiff for the full amount of the balance found and adjudicated to be due on the balance of the purchase-price of said house and lot." These were offered as admissions tending to show that in the divorce suit Statham had taken the position that the house and lot here involved was her property, and that he sought to offset the money he paid therefor as against any amount of alimony the jury might think the wife entitled to. She was entitled to show what he pleaded as to this in the divorce suit, although that portion of his defense had been stricken.

14. Ground 14 is an attack on the charge of the court. The court charged the jury as follows: "As between husband and wife, parent and child, and brothers and sisters, payment of purchase-money by one and causing the conveyance to be made to the other shall be presumed to be a gift; but a resulting trust in favor of the one paying the money may be shown, and the presumption rebutted. Now in this case, . . if it appears that this husband paid the purchase-money and that title was made to his wife, then without more the law would presume that it was a gift by the husband to the wife. That, however, is not a conclusive presumption, but may be rebutted; but in order to rebut that presumption of a gift the law provides that the testimony must be clear and convincing." The instruction embodied a sound proposition of law. *Wilder* v. *Wilder*, 138 *Ga.* 573, 576 (75 S. E. 654); *Jackson* v. *Jackson*, 150 *Ga.* 544 (104 S. E. 236); *Browning* v. *Barber*, 154 *Ga.* 221; *Williamson* v. *Johnson*, 171 *Ga.* 713 (156 S. E. 617); *Romano* v. *Finley*, 172 *Ga.* 366 (157 S. E. 669). It did not contain error because Statham himself did not sign the deed, or because there was no direct evidence that he expressly directed the grantor to make it to the wife; there being evidence before the jury that he knew the deed was so made, and that he acquiesced in it, and intended it as a gift to the wife.

We have in detail treated all of the special grounds. The verdict is supported by the evidence. There was no abuse of discretion in refusing a new trial.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. All the Justices concur.*