31840.   JACKSON *v.* MOULTRIE PRODUCTION CREDIT ASSOCIATION.

DECIDED MARCH 5, 1948.   REHEARING DENIED MARCH 31, 1948.

*P. Q. Bryan,* for plaintiff in error.

*Hoyt H. Whelchel,* contra.

SUTTON, C. J. (After stating the foregoing facts.) ■ The claimant contends that the verdict, finding the property subject to the levy, is without evidence to support it, and that the judge erred in overruling the general grounds of the motion for a new trial. It is the contention of the plaintiff that the evidence authorized the jury to find that the title to the tractor was in Paul Jackson, or that the claimant was estopped by his conduct from claiming the tractor.

The jury was authorized to find from the evidence that the claimant purchased the tractor and turned it over to his son for his son to use, and that his son had possession of the tractor at the time he made application to the plaintiff for a loan and at the time he executed the bill of sale to secure debt to the plaintiff conveying the tractor to secure his note; that, when the agent of the plaintiff came to the claimant's home to inspect the tractor, before making the loan, he found the defendant and the claimant standing near each other, and that the claimant was near enough to have heard the conversation between him and the defendant, if the claimant had been a man of ordinary hearing; that the claimant had not given any indication of being hard of hearing on previous occasions, and that he should have heard, and probably did hear the conversation between the plaintiff's agent and his son about the tractor which his son represented he owned, and that the claimant did not at that time deny his son's ownership of the tractor. While the claimant testified that he was hard of hearing, whether or not he heard the conversation between the plaintiff's agent and his son was, under the evidence, a question of fact for the jury. In this connection, see *Watson* v. *State,* 136 *Ga.* 236, 238 (71 S. E. 122). The evidence was sufficient to authorize the jury to find that the claimant heard the conversation, and that he stood silent and made no denial of his son's title to the tractor and equipment.

"Presumptions of law are sometimes conclusive, and an averment to the contrary shall not be allowed. . . These are

termed estoppels, and are not generally favored. Among these are . . Solemn admissions made in judicio, and other admissions upon which other parties have acted, either to their own injury or to the benefit of the persons making the admissions; and similar cases where it would be more unjust and productive of more evil to hear the truth than to forbear the investigation." Code, § 38-114. Section 38-409 provides: "Acquiescence or silence, when the circumstances require an answer or denial or other conduct, may amount to an admission." Also, see Code, § 105-304: "A fraud may be committed by acts as well as words; and one who silently stands by and permits another to purchase his property without disclosing his title is guilty of such a fraud as estops him from subsequently setting up title against the purchaser." It was held in *Dunson* v. *Harris*, 45 *Ga. App.* 450 (1) (164 S. E. 910): "If the owner of property stands silently by and permits another to mortgage it to a third person, he will be estopped to assert his title thereto as against the mortgage." Also, see *Tanner* v. *Tanner*, 52 *Ga. App.* 460 (183 S. E. 666). Under the facts and circumstances of this case, the verdict in favor of the plaintiff was authorized, and the court did not err in overruling the general grounds of the motion for a new trial.

■ In special grounds 4 and 5 of the motion, error was assigned on the following charges: "The Moultrie Production Credit Association foreclosed this bill of sale by the affidavit of Mr. H. H. Whelchel, the attorney for the Moultrie Production Credit Association, which affidavit was made on the 28th day of June, 1946. On that affidavit what we call an execution or fi. fa. was issued and placed in the hands of the sheriff, as provided by law." The plaintiff in error contends that these charges express an opinion of the court that the foreclosure was an accomplished fact, and that the fi. fa. issued according to law; and he further contends that the bill of sale was not foreclosed, and that the fi. fa. did not issue according to law. There was no affidavit of illegality filed by the defendant to arrest the proceedings. The plaintiff in error filed no pleadings to arrest the proceedings or to attack the legality of the foreclosure or execution, but merely filed a claim to the property levied upon. Under these circumstances, the plaintiff in error was not harmed by the charges complained of, and the court did not err in overruling special grounds 4 and 5.

■  The court did not err, under the pleadings and evidence, in giving in charge to the jury the provisions of the Code, § 38-107, dealing with the preponderance of the evidence.  The objection made to this charge is that the court did not instruct the jury that it could consider the documentary evidence, and that there was no evidence as to the personal credibility of the witnesses. The court expressly instructed the jury that its verdict should be based upon "the law as given you in charge by the court, and the opinion you entertain of the evidence as it comes to you from the witnesses and documents introduced and admitted as evidence for your consideration."  While there was no effort to impeach any of the witnesses by proof of general bad character, the evidence in part was conflicting; and as to this portion of the evidence, it was for the jury to consider the personal credibility of the witnesses in so far as the same might appear on the trial. The charge stated a sound principle of law and was not error for any reason assigned, and the judge did·not err in overruling special ground 6 of the motion.

■  In special ground 7, error is assigned on the following charge of the court (which is Code § 48-105):  "The delivery of personal property by a parent into the exclusive possession of a child living separate from the parent shall create a presumption of a gift to the child.  This. presumption may be rebutted by evidence of an actual contract of lending, or by circumstances from which such a contract may be inferred"—on the ground that such charge was not authorized by the evidence.  The claimant was the father of the defendant in execution, and it was undisputed from the evidence that the claimant paid for the property and caused it to be delivered to his ·son, who had it in his possession at the time he executed the bill of sale to secure debt to the plaintiff.  Under the facts and circumstances of this case, the judge did not err in giving this provision of law in charge to the jury.

■  Complaint was made in special ground 8 that the court erred in charging the jury:  "I charge you, gentlemen, also that a party who by his acts, declarations or admissions, or by failure to act or speak under circumstances where he should do so, either designedly or with wilful disregard for the interests of others, induces or misleads another to conduct or dealings which he would

not have entered upon but for this misleading influence, will not be allowed afterwards to come in and assert his right to the detriment of the person so misled." The error assigned on this charge is that it intimated an opinion that the conduct of the claimant misled the plaintiff, and that there was no evidence of declarations or admissions by the claimant. This charge was not error for any reason assigned. In this connection, see the authorities and evidence set out in division 1 of this opinion. The court did not err in overruling special ground 8 of the motion.

■ The plaintiff in error contends in special ground 9 that the court erred in giving in charge to the jury the provisions of the Code, § 108-116: "As between husband and wife, parent and child, and brothers and sisters, payment of purchase money by one, and causing the conveyance to be made to the other, shall be presumed to be a gift; but a resulting trust in favor of the one paying the money may be shown and the presumption rebutted"—upon the ground that no conveyance was made in the present case and no presumption of law could arise, and the charge amounted to an expression of opinion by the court that such a conveyance was in fact made.

The charge stated a sound principle of law (*Statham* v. *Council*, 190 *Ga.* 517, 522, 9 S. E. 2d, 768, and citations); and it did not amount to an expression of opinion by the court as to what had or had not been proved. While it does not appear that a conveyance was made, "no writing is necessary to pass the title to personal property." *Forbes* v. *Chisholm*, 84 *Ga.* 641 (11 S. E. 554). The evidence showed without dispute that the son handled the transaction leading up to the purchase of the property, and that the father paid for the property and caused it to be delivered to his son, who had it in his possession at the time he executed the bill of sale to secure debt to the plaintiff. While the vendor did not execute a written conveyance to the son, he delivered the property to him at the direction of the claimant. No harmful error is shown by this ground of the motion.

■ In special ground 10 of. the motion, error was assigned on the following charge: "I charge you, gentlemen of the jury, that you will not consider the question as to whether the note given in connection with the bill of sale to secure debt foreclosed on in this case was due or whether it was not due, for I charge you

that the claimant has no right to raise any question as to whether the note was due or was not due." It appeared from the evidence adduced by the claimant, which was admitted without objection, that the note given by the defendant was not due at the time the affidavit was made, which alleged that the sums secured by the bill of sale to secure debt were due. The bill of sale expressly provided "that in the event any of the security aforesaid shall be . . in danger of loss, removal or destruction, lender . . may, without notice, declare all indebtedness secured hereby due." The evidence tended to show that the defendant had abandoned his crop and was in jail, that the property in dispute was left unattended on the farm formerly operated by the defendant, and that it was so located at the time the affidavit was made to foreclose the bill of sale to secure debt.

"Unless an execution, issued upon the foreclosure of a chattel mortgage, be arrested by a counter-affidavit, it is a final process." *Collier* v. *Blake*, 16 *Ga. App.* 382 (85 S. E. 354) ; *Bank of Forsyth* v. *Gammage*, 109 *Ga.* 222 (34 S. E. 307), and citations; *Ford* v. *Fargason*, 120 *Ga.* 606 (48 S. E. 180). No counter-affidavit was filed in the present case; but the claimant seeks, without any pleadings on which to base such contention, to prevent the sale of the property levied upon by reason of the fact that the evidence showed that the debt was not due at the time the affidavit was made and the execution issued. "When an execution is levied upon mortgaged property, and a claim is interposed, the claimant can not, upon the trial of the issue, amend the claim by alleging that the mortgagor is not indebted to the mortgagee, nor will he be allowed to introduce testimony tending to show it." *Collier* v. *Blake*, supra; *Wash* v. *Bank*, 99 *Ga.* 592 (27 S. E. 167) ; *Ford* v. *Fargason*, supra. Also, see *Shaw* v. *McDonald*, 21 *Ga.* 395 (3). Since the claimant could not have amended his claim to show that the mortgagor was not indebted to the mortgagee, he could not have amended it to show that the debt of the mortgagor to the mortgagee was not due at the time the affidavit was made and the execution issued. No objection was raised to the introduction in evidence of the execution in favor of the plaintiff against the defendant and the levy of the same upon the property in question, and the execution and levy were regular on their faces. The sole question raised by the execution and levy, and

the claim interposed thereto, was whether or not the property levied upon was subject to the execution and levy. The charge complained of was not error against the claimant for any reason assigned, and the judge did not err in overruling special ground 10 of the motion.

■ The conduct of a trial must largely be left to the discretion of the trial judge, and that discretion will not be controlled by this court unless it is manifestly abused. While the conduct of the attorney for the plaintiff, as set out in special ground 11 of the motion, may have been improper, it was not such conduct as would require a new trial as a matter of law, and any error in such conduct was cured by the prompt rebuke given the attorney by the trial judge in the presence of the jury. The judge did not err in overruling special ground 11.

■ In special grounds 12, 13, 14, and 15 of the motion for a new trial, error is assigned on the admission of certain evidence. The evidence complained of was not set out in the motion, either literally or in substance, nor was it attached thereto as an exhibit. The objection to the evidence referred to in special ground 12 was that it was "immaterial and irrelevant." It has been repeatedly ruled by this court and the Supreme Court that such an objection is too general and is insufficient to present anything for consideration. *Brown* v. *Salter*, 59 *Ga. App.* 579, 581 (4) (1 S. E. 2d, 468) ; *Atlanta Enterprises Inc.* v. *James*, 68 *Ga. App.* 773 (2) (24 S. E. 2d, 130) ; *Barrett* v. *Brunswick*, 56 *Ga. App.* 575 (2) (193 S. E. 450) ; *Scott* v. *State*, 46 *Ga. App.* 213 (3) (167 S. E. 210) ; *Deen* v. *Baxley State Bank*, 62 *Ga. App.* 536, 537 (2) (8 S. E. 2d, 689) ; *Barrett* v. *Barrett*, 177 *Ga.* 190, 195 (3) (170 S. E. 70) ; *Chandler* v. *Mutual Life &c. Asso.*, 131 *Ga.* 82 (2) (61 S. E. 1036).

The evidence referred to in special grounds 13, 14, and 15 was objected to "on the ground that it had nothing to do with the case on trial." The objections to the admission of the evidence referred to in these three grounds, being in effect that it was immaterial and irrelevant, present nothing for consideration. See the authorities next above cited.

Furthermore, it has been ruled many times that "a ground of a motion for a new trial based on the admission or rejection of evidence presents nothing for adjudication, where such evidence

is not set forth in the ground either literally or in substance, nor attached to the motion as an exhibit." *Trammell* v. *Shirley*, 38 *Ga. App.* 710, 716 (145 S. E. 486). The judge did not err in overruling special grounds 12, 13, 14, and 15 of the motion.

■ The testimony set out in special ground 16 was not inadmissible for the reason assigned, and the court did not err in overruling this ground of the motion for a new trial. It was not contended that this testimony was objectionable as hearsay, but the only objection raised to its admission was "that what Paul said to Turner not in the presence of the claimant would not bind the claimant at all," and this objection is too incomplete to show harmful error to the claimant.

■ The verdict is supported by the evidence, no error of law appears, and the judge did not err in overruling the motion for a new trial.

Pursuant to the act of the General Assembly, approved March 8, 1945 (Ga. L. 1945, p. 232, Code Ann., § 24-3501), requiring that the full court consider any case in which one of the judges of a division may dissent, this case was considered and decided by the court as a whole.

*Judgment affirmed. Sutton, C. J., MacIntyre, P. J., Gardner and Townsend, JJ., concur. Felton, J., dissents. Parker, J., disqualified.*

FELTON, J., dissenting. The Moultrie Production Credit Corporation foreclosed a bill of sale to secure debt against Paul Jackson, and the execution was levied on a tractor and other personal property. D. C. Jackson filed a claim to the tractor and tractor equipment.

The burden of proof was on the credit corporation to prove title in the defendant in fi. fa. at the time of the execution of the bill of sale to secure debt. The plaintiff proceeded on three theories: 1. It sought to establish an estoppel on the part of the claimant to contend that the tractor did not belong to the defendant in fi. fa. 2. Then the plaintiff sought to show title in the defendant in fi. fa. by contending that the claimant paid for the tractor and had the seller deliver it to the defendant, and contended that Code § 108-116 applied. 3. Lastly, the plaintiff contended that the tractor was placed in the exclusive possession of the defendant, and that under Code § 48-105 a gift between father and son is presumed.

■ The evidence was insufficient to show that the father heard the agent refer to the tractor. There is no positive evidence that he did. The secretary-treasurer of the credit corporation testified: "Paul Jackson came to the office and filed his application for a loan of $1500 in the regular manner, the way we usually handle all of our loans, and I went to Funston to see the tractor, make a routine inspection. I drove to his father's house, D. C. Jackson. He is the claimant in this case. I found four men in front of the yard there. D. C. Jackson and Paul Jackson and two other men who I didn't know. They were standing around a '38 or '39 Chevrolet truck, looked like working on it. I pulled my car around up in the yard and walked toward them. They all turned around to speak to me, and I told Paul Jackson I had come to make inspection of the tractor that he wanted to get the loan on, asked him where it was, and he said it was over in the field on the other side of Funston picking peanuts, and we'd have to go over there. We got in my car and went over there and made an inspection of the tractor, and I brought him back to the house. Mr. D. C. Jackson was standing there. He was standing as close as from here to the window or a little closer." The claimant's evidence tended to show that he was hard of hearing, and, furthermore, even if he heard the conversation, no specific tractor was mentioned and there was no evidence that the defendant had no other tractor or that he had possession of no other.

■ It was error for the court to charge Code §. 108-116, because there was no conveyance of the property by the seller to the son after its purchase by the father. The Code section was taken from the case of *Printup* v. *Patton,* 91 *Ga.* 422 (18 S. E. 311). As used in that case and the Code section, "conveyance" means a written instrument by which title to property is transferred from one entity to another. The rationale of the section is that, if one pays for property and directs the seller to convey title to it in writing to another, there is, in law, a passage of the title from the seller to the one designated by the buyer, and therefore it will be presumed, not that the title passed, but that it was a gift; or, to state it differently, when the purchaser has title conveyed to another, it will be presumed that the whole title passed and not a conditional one subject to secret equities.

In this case there was no conveyance in writing. The mere delivery of the property to the son, either by the seller at the direction of the purchaser—as was true in this case—or by the father to the son, would not amount to a transfer of title, even if a conveyance could be made under the law without a writing. So, whatever the section means, it was not applicable to this case. When the father bought the tractor, it belonged to him, and his directing that it be delivered to his son was the same as his delivering the tractor to his son himself. Since the jury was not authorized to find that the defendant held title to the tractor merely because his father delivered it to him, it was harmful error to give in charge to the jury the Code section mentioned.

■ It was error to give in charge Code § 48-105, because there was no evidence that on the date of the delivery of the tractor to the son the latter was living separate and apart from his father, and no evidence that he was given exclusive possession at any time.

Grounds 7, 8, 9, 11, 12, 13, 14, 15, and 16 of the amended motion should have been sustained.

Even if the claimant stated that the tractor was the one his son got a loan on, it would not bind or estop him after the event.

Even if there was any presumption of a gift to the son by the father, it was overcome by the claimant's evidence or testimony that he did not give the tractor to the son, and this testimony was uncontradicted.