## 33181. HOBBS *v.* STARR.

DECIDED OCTOBER 6, 1950.

442

*Alton T. Milam, Lucile I. Milam,* for plaintiff.
*Moreton Rolleston Jr.,* for defendant.

SUTTON, C. J. (After stating the foregoing facts.) ■ Where the trial judge sustained the special demurrers to the petition,

.and the plaintiff submitted to this ruling by amending to meet the special demurrers, he cannot now insist upon the assignment ·of error on the exceptions pendente lite to the sustaining of the .special demurrers. *Stainback* v. *Dunn,* 53 *Ga. App.* 464(3) (186 :S. E. 220); *Sherling* v. *Continental Trust Co.,* 175 *Ga.* 672(1) (165 S. E. 560).

■ Special ground 1 of the motion is as follows: "Movant .says the court erred in failing to admit evidence as to the cost ·of materials purchased and labor furnished for the construction ·of the house involved (see page 6, Brief of Evidence). Movant contends that count two of his petition seeks recovery of twenty ·(20) per cent profit above the cost of labor and materials fur-nished. Movant sought to establish by evidence (See page 5, Brief of Evidence) the cost of the labor and materials furnished in the following manner. He testified that, 'All these invoices I have are material that I bought through me, for Mrs. Starr's .house. They total $1242.51 for material. Yes, sir, she paid me for this material.'" Then follows a colloquy between the court, and counsel for the plaintiff and the defendant, but the evidence, which the plaintiff in error complains the court erred in failing ·to admit, is not set out literally or in substance in this ground of the motion, nor attached thereto as an exhibit. It is well .settled that a ground of a motion for new trial which complains ·of the rejection of evidence must, in order to be considered, set the evidence out literally or in substance, or have the same at-tached to the motion as an exhibit, properly identified. A ref-·erence to it as set out in the brief of evidence, as was done in this ground of the motion, is not sufficient. *Harbin* v. *Hunt,* 151 *Ga.* 60(2) (105 S. E. 842); *Hester* v. *Muscogee Motor Co.,* 184 *Ga.* 49(1) (190 S. E. 591); *McCall* v. *State,* 23 *Ga. App.* 770(1) (99 S. E. 471); *Jackson* v. *Moultrie Production Credit Assn.,* 76 *Ga. App.* 768(9a) (47 S. E. 2d, 127); *Crain* v. *Daniel,* 79 *Ga. App.* 647(2) (54 S. E. 2d, 487). Furthermore, it appears from this ground of the motion that the plaintiff testified as to the total amount of the invoices for materials there referred to, and that the defendant had paid him for same. No error is shown by this ground of the motion.

■ Special ground 2 of the motion is as follows: "Movant contends and charges that the court committed error in admit-

ting testimony as to a compromise (See bottom, page 16, Brief of Evidence), wherein on cross-examination, evidence of compromise was elicited over the objection of counsel for movant, which evidence was admitted by the court, all of which was harmful to movant's right to recover the full value for the work he did for the defendant because the same sought to reduce the value of his services he was suing for." This ground of the motion is controlled by the ruling made in division 2 of this decision, the testimony complained of not being set out or attached to this ground, but only referred to as being in the brief of the evidence.

■ The case was tried before the judge without a jury, and' his finding was in favor of the defendant. The plaintiff in error contends that the judgment should be reversed on the general grounds of his motion. The evidence is conflicting, and, for the purpose of a decision here, it will not be necessary to undertake to set out the evidence in detail, but only to see whether there is any evidence to support the judgment. The plaintiff in error contends that he was entitled to recover $400 as a foreman's salary and a reasonable percentage of the cost of material and labor involved in doing the carpenter work on the defendant's house. The defendant in error contends that she paid the plaintiff in error in full, each week, as the work was done, and that she owes him nothing more in the way of salary or a percentage of the building cost.

The defendant, Mrs. Starr, testified in part: "I told Mr. Hobbs [the plaintiff] that we would pay him a foreman's salary. A foreman's salary by the hour was what was agreed on. I paid him off by the week. He would tell me how much was due him for that week, how many hours they put in, each one, and how much it was and I paid him and asked him each [time] if that was everything and he would tell me, 'Yes, that is everything.' I told him, 'We want to pay up everything every week for we want to know just how we stand every Saturday night.' The bills for the materials were paid as he brought them in. I paid it in cash. I went to the bank and got cash what I didn't have. I had $2500 myself in cash and had it all in the house there when he started to build. I got $4000 from my son-in-law and then I got $1500 from my daughter. . . No, we didn't

have a written contract to build the house. He never did say anything about the percentage. The first time he ever asked me if I didn't think I ought to pay him a percentage, he didn't tell me what percentage. He just said, didn't I think I ought to pay him more. He didn't make as much as he thought he would on it. . . I told him, 'No.' I paid him what I agreed to pay. . . We had a complete settlement every week. . . We wanted to pay him for everything every week and we did."

B. G. Starr testified in part: "I am the husband of the defendant in this action. I was present in December when Mr. Hobbs, the plaintiff in this suit, was given his last payment for work done on the house in which Mrs. Starr and I live. . . I asked him if he was satisfied, and I just turned to Mr. Hobbs and I said, 'Now, Charlie, have you got anything against us whatever in regard to labor or material? If you have, I want you to say so now, because this is the last of it.' And he said, 'No, sir; you have not.' . . I just said, 'Have you got any charges against us?' and some more, and he said, 'No.' "

After reading and considering the evidence, both for the plaintiff and the defendant, we are of the opinion, and so hold, that the judgment in favor of the defendant was authorized by the evidence. Consequently, the trial judge did not err in overruling the plaintiff's motion for a new trial.

*Judgment affirmed. Felton and Worrill, JJ., concur.*