John W. Parker, plaintiff in error, vs. The State of Georgia, defendant in error.

[1.] A juror answering " that he was not satisfied that he was impartial—that he had partiality in his mind," but explaining " that he did not personally know the prisoner, or the facts of the case, and had no prejudice against him as an individual, but in all such cases, because of the offence, he was prejudiced," is not incompetent.

[2.] In charging the jury on the subject of confessions, the law applicable to hope as well as to fear, ought to be stated, if the evidence calls for it.

Parker vs. The State.

[3.] The Judge ought not, in any case, to say to the jury "the defendant is guilty and you ought to find him so," even though it be not stated absolutely, but conditionally upon the existence of certain facts, and the finding of those facts be referred exclusively to the jury.

[4.] The verdict in the present case was right, upon the evidence, and the errors of the court were not such as to call for a new trial.

Indictment for Simple. Larceny. Tried before Judge WARNER. In DeKalb Superior Court. April Term, 1866.

The answer of one of the jurors to the question, whether his mind was perfectly impartial, was, " that he was not satisfied that he was perfectly impartial—that he had partiality in his mind." In reply to interregatories put by the court, he stated, " that he did not personally know the prisoner, or the facts of the case, and had no prejudice against him as an individual; but in all such cases, because of the offence, he was prejudiced." The court decided him to be competent, and he was challenged by the prisoner peremptorily.

The subject of the alleged larceny was a mule. There could be no doubt, under the evidence, that the mule was stolen, and the only question was, who was the thief. The defendant relied upon an *alibi*, and the evidence he introduced gave some degree of countenance to that defence, but was far from being conclusive. On the other hand, one witness introduced by the State, testified that next morning after the mule was stolen at night, the defendant was seen riding it; and another testified, that on the same day, defendant had the mule sold in Atlanta at auction, and received the proceeds, calling himself then by the name of J. Wilson. Neither of these witnesses had ever seen him before; but they testified that they had no doubt of his identity. It was also in evidence, that defendant was arrested, carried to Atlanta, and there gave his note to Mr. Thrasher, the person who had bought the mule at auction, and who had to surrender it to the owner, for $141.00—the defendant's father signing the note with him as security. The prosecutor (the owner of the mule) testified that he told

the defendant not to give this note unless he was guilty, as it would go to convict him.

The defendant proved by his father that Thrasher told him, defendant, he had better give his note with witness as security, as there were three men in Atlanta that would swear that he was the man that sold the mule, and unless he gave the note he would be put in ropes. Also, that the prosecutor told the witness that if the defendant was identified in Atlanta, he had then best give his note, as it would keep him out of jail.

The State, in rebuttal, proved by one who assisted in the arrest, that defendant proffered to give his note before they took the cars for Atlanta; that Thrasher told him that if he was clear of it, he would hang higher than Haman before he would do it, to which defendant replied that he was innocent. This witness testified, also, that defendant had no trial in Atlanta, but was turned loose when he gave the note.

The Court charged the jury, in substance, as follows:

"The defendant is indicted for the offence of simple larceny, in stealing a bay horse mule from the prosecutor on the 19th of February 1866. Does the evidence show that a mule was stolen from the prosecutor as alleged in the indictment, in this county? Does the evidence show to your satisfaction that the defendant was afterwards seen in the possession of the mule, riding him? Does the evidence establish that the defendant rode the mule to Atlanta, and had him sold at auction there, as his property, and received pay for him? Are you satisfied, from the evidence before you, that the defendant voluntarily gave his note for the amount for which the mule sold? If he was induced to give his note by threats or coercive means used for that purpose, the act is not binding upon him in law; but if he voluntarily gave his note for the amount for which the mule sold, then he is bound in law by his act. If you should believe, from the evidence, that he did these things, then, under the law, he is guilty, and you ought to find him so.

Whether these facts have or have not been established by

Parker vs. The State.

the evidence, the Court expresses no opinion, but leaves it exclusively to your consideration and judgment.

The defence set up here is, that the defendant was at home at the time these transactions are alleged to have taken place, and that he is not the man alleged to have stolen the mule which was sold at Atlanta. If you shall believe, from the evidence, that the defendant was at home at the time the mule is alleged to have been stolen, and sold in Atlanta, and was not the man who stole and sold the mule, then you ought to find him not guilty ; for it is not the object of the law to punish the innocent but the guilty." * * *

The defendant, after the verdict of guilty was returned, moved for a new trial on several grounds :—

1. Because the Court erred in deciding the juror to be competent.

2. (*Abandoned in the argument.*)

3. Because the Court erred in charging the jury as above set forth.

4. Because the Court erred in charging no further upon the subject of confessions ; and in failing to charge " that confessions of guilt should be received with great caution," and " that confessions induced by another by the slightest hope of benefit, or the remotest fear of injury, should not be considered"—the attention of the Court to these propositions, having been called by counsel in arguing the case to the jury.

5. Because the verdict of the jury was contrary to, the evidence.

The Court overruled the motion ; and this is complained of as error.

CANDLER and BARNETT & BLECKLEY, for plaintiff in error.

BROWN, representing HULSEY Sol. Gen. for The State.

LUPMPKIN, C. J.

The defendant was convicted of simple larceny, for stealing
34

Parker vs. The State.

a mule in the county of DeKalb, from a man by the name of Bailey. He took the mule to Atlanta, the day after he was stolen, and there had him sold at auction.

On the trial, when empanneling the jury, the statutory question was propounded to one James C. Thurman,—that is, whether his mind was perfectly impartial between the State and the prisoner? He answered that he was not satisfied that he was,—adding, that he had partiality in his mind. In reply to questions put by the Court, he stated that he did not personally know the prisoner, or the facts of the case, and had no prejudice against the prisoner as an individual, but in all cases, because of the offence, he was prejudiced. The Court decided him to be competent, and he was challenged by the prisoner peremptorily.

Now, the only question is, does the prejudice referred to in the law apply to the person of the accused, or to the offence for which he stands indicted? We think the former: otherwise, all good men would be disqualified to sit as jurors in all criminal cases. For, if they feel as they should do, they should desire the suppression of crime, and this desire will be in proportion to the aggravation and frequency of the offence. This feeling may serve to stimulate their zeal to bring delinquents to punishment. But it does not follow, by any means, that it will so warp their judgment as to render them incapable of doing justice to the parties, according to the law and the evidence of the case.

After the evidence was closed, the Court charged the jury in substance as follows: "The defendant is indicted for the offence of simple larceny, in stealing a bay horse mule from the prosecutor on the 19th of February, 1866. Does the evidence show that a mule was stolen from the prosecutor, as alleged in the indictment; that the defendant was afterwards seen in the possession of the mule, riding him; that he carried him to Atlanta, and there had him sold at auction as his property, and received pay for him. Are you satisfied, from the proof before you, that the defendant

voluntarily gave his notè for the amount for which the mule was sold.

"If he was induced to give his note by threats or coercive means, used for that purpose, then, such an act is not binding upon him in law; but if he voluntarily gave his note for the amount for which the mule sold, then he is bound in law by his act. If you should believe from the evidence that he did these things, then, under the law, he is guilty, and you ought to find him so."

"Whether these facts have or have not been established by the evidence, the Court expresses no opinion, but leaves it exclusively to your consideration and judgment."

Complaint is made against this charge, upon the ground that it is too *emphatic*—the presiding Judge having grouped together a certain combination of circumstances, and then telling the jury that if the defendant did these things *he is guilty*, and that *they ought to find him so.* Ought the Court, in any criminal case, to pronounce the defendant guilty, and to charge the jury that they ought to find him so? Is not this their peculiar province? And does the fact that the Court subsequently adds, that he expresses no opinion upon the testimony, but leaves it exclusively to the consideration and judgment of the jury, leave their minds free to act after the conclusion thus forcibly drawn by the Court?

Again, the charge is excepted to as not being full on the subject of confessions. The Judge instructed the jury, that if the defendant was induced to give his note by threats' or coercive means used for that purpose, then the act is not binding upon him in law. The objection is, that, while the Judge explained to the jury one alternative which renders confessions objectionable, to-wit, force, or the fear of injury, he failed to present the other, to-wit, the slightest hope of benefit. True, he charged the jury, that if he *voluntarily* gave his note for the amount for which the mule sold, then he was bound by his act. In the absence of anything more, the general language used would be unexceptionable. But when the Court undertakes to analize or define what

makes a confession voluntarily, both members of the definition should be presented to the jury, to-wit : *the slightest hope of benefit*, or the remotest fear of injury.

The remaining exception is, in overruling the motion for a new trial because the verdict of the jury was contrary to the evidence. So well satisfied are we of the guilt of the prisoner, and that the finding of the jury was not contrary to, but in accordance with, the testimony, that we are unwilling to send this case back upon any of the grounds taken in the motion for a new trial.

The man Parker, seen the next day after the mule was stolen in possession of the stolen property, and failing to implicate anybody else as the thief, carries the mule to Atlanta, has him disposed of at auction, voluntarily gave his note to Thrasher for the purchase money which he had paid for the mule, under the feigned name of Wilson ; and having utterly failed, by *credible* witnesses, to sustain his trumped-up defence of an *alibi*, there is no room left to entertain a rational doubt that *he* was verily guilty of the larceny charged upon him.

Judgment affirmed.