Daniel *vs.* The State.

---

### DANIEL *vs.* THE STATE OF GEORGIA.

65 199
94 84
65 199
100 574
—
65 199
114 447

1. Upon the trial of a criminal case, that certain witnesses heard a person other than the defendant say that he had committed the offense, is inadmissible.
2. Even though the magistrate had been allowed to testify as to the statement of the defendant at the committing trial, it could not have changed the result.

Criminal law. Evidence. New trial. Before Judge WRIGHT. Dougherty Superior Court. October Term, 1879.

Reported in the opinion.

LEWIS ARNHEIM; D. A. VASON, for plaintiff in error.

W. O. FLEMMING, solicitor-general, by D. A. RUSSELL, for the state.

CRAWFORD, Justice.

There were two several indictments against the plaintiff in error in the superior court of Dougherty county for simple larceny, the specific crime being cattle stealing; he was found guilty in both cases, moved for a new trial in each, which was refused and he excepted.

The two cases were heard in this court together, and the judgment therein will be so pronounced.

One of the grounds in each case relied upon by the defendant was, that he offered two witnesses, viz: Maly Johnson and Minerva Jenkins to prove that they had heard Henry Dixon say that he had stolen the steers for which the defendant was indicted, and that he was sharp enough to get out of it, which testimony was rejected by the court, and the defendant assigned that as error. The testimony in the record shows that the defendant, shortly after the loss of the property, had carried it to Albany and there sold it.

1. The rule is too well settled to be disturbed, that the possession of stolen property immediately after it is stolen, puts upon the possessor the burden of proving that his was not a guilty possession.

These witnesses were therefore offered to remove this legal presumption of the defendant's guilt, by showing that they had *heard* one Dixon *say* that he had stolen the steers. We are at a loss to see how, under any well defined or even loose principle of law, this testimony was admissible. To allow such hearsay as this to rebut and overcome so strong a legal presumption of guilt, would be about equivalent to holding that if the prisoner could get some one to *say* that he committed the crime for which the accused was indicted, and then offer witnesses to prove that they heard it said, then, in all such cases, it would be the duty of the jury to acquit. No court within our reading has so held, and this will not certainly be the first to establish such a precedent.

2. Another, and a separate ground, taken in one of these cases is, that the court refused to allow the magistrate presiding at the commitment trial to testify as to the statement made by the prisoner at that time. In preliminary trials the court shall always permit the defendant to make his own statement of the transaction. Whenever such statement is made it shall be reduced to writing and returned to the proper court with the papers, in the event of a commitment. Code, §4733.

When there is a statement, and this requirement of the statute is followed, it is " the highest and best evidence as to what the defendant did state."   54 *Ga.*, 156.

The court below may have  rejected  this testimony be-cause the statement was not reduced to writing as the law required, and that to allow it as offered, would have been giving the defendant an opportunity to introduce his own sayings in evidence to support his innocence.   Be the reason whatsoever it may, the statement thus sought to have been introduced was, that he had received the stolen property from Dixon, and if admitted, could not have changed the verdict, which was right under the law and the evidence.

Judgment affirmed.