Cobb *vs.* The State of Georgia.

---

## COBB *vs.* THE STATE OF GEORGIA.

1. Where exception is taken to a long extract from the charge of the court, and there is no specification of the error therein, the exception will not be considered, unless all of the charge so excepted to is erroneous.    If any of it is sound law, an affirmance will result.
2. While knowledge is of the essence of the offense of receiving stolen goods, knowing them to be stolen, yet such knowledge need not necessarily be proved by direct testimony, but may be shown by circumstances, such as the defendant's conduct and behavior, the character of person from whom the goods were received, the kind of goods, and the hour when received.

May 1, 1886.

Practice in Supreme Court.   Criminal Law.   Before Judge WILLIS.   Chattahoochee Superior Court.   September Term, 1885.

To the report contained in the decision, it is necessary to add only that the evidence on behalf of the state, connecting the defendant with the offense charged, and showing knowledge on his part, was, in brief, as follows: Certain cotton was stolen from the gin-house of one McKinsey and from one Shipp.   The theft occurred at night.   The next morning, tracks were found and followed from the gin-house of McKinsey to the gin-house of one Lightner, the keys of which were kept by the defendants, Willis and Cobb.   At first they denied all knowledge on the subject, and Cobb claimed to have been in a different county on the previous night, and to have had the keys, but subse-

---

*The verdict found for the plaintiff $627.00, with interest from June 1, 1884.

quently they stated that one Lewis Harvey had brought the cotton there; that he placed it on the platform and asked Willis for the key, but was referred to Cobb, who gave it to him; and that this occurred a little before day. Willis stated that he had bought the cotton from Harvey, but had not paid him for it; and after part of it had been identified, he gave it up. A witness testified that between the time when he first saw the cotton in the gin-house and its final identification, it had been moved and an effort made to conceal it. Some of it was identified by the straw and trash in it; the balance could not be identified. The theft was traced to Harvey.

C. J. THORNTON; EUGENE WYNN, for plaintiff in error.

THOS. W. GRIMES, solicitor general, by J. M. MCNEILL, for the state.

JACKSON, Chief Justice.

Richard Cobb and Lang Willis were indicted and convicted of receiving stolen goods, knowing them to be stolen, and Richard, being dissatisfied, excepted.

The error assigned is this charge of the court: " Does the testimony show that the goods were stolen, as alleged in the bill of indictment? If so, did these parties receive these goods? If they did not receive them, then you cannot find them guilty, notwithstanding they may have been stolen; but if they did—if they were stolen, and they did receive them, then did they know they were stolen goods at the time they received them, or were the circumstances such as to put them on notice, cause them to inquire and to examine, to ascertain whether they were stolen or not? If they received them, and knew at the time they received them that they were stolen, or if the circumstances were such as to lead a reasonable man to believe that they were stolen, then they would be guilty of the crime charged in this bill of indictment. These things must concur, to

find them guilty of the charge made. First, it must appear that the goods were stolen by some one; in the second place, that they were these goods; and in the third place, that they knew they were stolen, or had reason to suspect that they were stolen at the time they received them."

1. The assignment on the above charge is this: "To which charge of the court the defendant, Richard Cobb, then and there excepted, and here assigns the same as error." There is no specification of error as the statute requires, and unless all of it was erroneous, it could not be considered. Certainly much of it is sound law beyond all dispute, and this is enough to require an affirmance of the judgment.

2. But even if we consider the assignment, which is not such as the statute requires (Code, §4251), and look at the entire matter charged as one thing—one legal principle—taking it in its general scope and intent, it is right. Circumstances may convict of the defendant's knowledge, as well as actual and direct proof. Indeed, it is rare that knowledge can be brought home to the receiver of cotton or other goods stolen by somebody who knows what the receiver knew touching the fact that they were stolen. The circumstances, the time, the secrecy, all the transactions before, at the time and afterwards, may be brought to bear upon what was the knowledge of the receiver; and if from all these the jury can conclude that the receiver did have good reason, as a reasonable person, to believe or suspect that the goods were stolen, they may well conclude, if he did not inquire and investigate before he received them, that he had knowledge, such as the law will charge him with, of the character of the goods and of the person from whom he received, as one who had stolen them. It is true, knowledge is the essence of the offense, and without it there can be no conviction; but knowledge may well be deduced from conduct and behavior, the character of the person from whom received, and the kind of

goods, and the hour when received; and as in this case at bar, these may carry conviction of guilty knowledge. So clearly is that guilty knowledge shown by the facts of this case that the astute counsel for plaintiff in error made no motion for a new trial to bring that issue before us, but relies alone on error in this charge. Even if there were error and it were specifically pointed out in the assignment, it ought not and would not set aside the verdict. *Roberts vs. The State,* 55 *Ga.,* 221; *O'Connell vs. The State, Ib.,* 191.

Judgment affirmed.