### RIVERS *v.* THE STATE.

1. Where a married woman is jointly indicted with another, and there is a joint trial, the husband is incompetent as a witness for or against her. Where there has been a severance, and the offense does not require the joint act of the persons indicted, he is not incompetent to testify on a separate trial of the other defendant.

2. Where the knowledge or intent with which an act is done constitutes an element of a criminal offense, it is ordinarily impossible to prove the actual mental state of the defendant, the prosecution being only required to show the ability and opportunity to know.

3. One cannot refrain from following up a clue, for fear of discovering the truth, and then shield himself behind such intentional ignorance.

4. A special presentment against one for keeping a gaming-house is not evidence of his guilt, but is a public charge to that effect, calculated to put one on inquiry ; and such presentment is admissible with a view of establishing the reputation of the person to whom the house is rented.

*Submitted April 28, — Decided May 30, 1903.*

Indictment for renting house for gaming. Before Judge Barrow. Chatham superior court. February 21, 1903.

Horace Rivers was indicted jointly with Anna M. Herron and Charles H. Gibbes, for knowingly renting a house (at a given location) with the view and expectation of the same being used for the purpose of gambling. Rivers was separately tried, and was

found guilty.   He excepted to the overruling of his motion for a new trial.   The special grounds of the motion were that the court erred in admitting in evidence:   (*a*) The testimony of Charles R. Herron (over objection that he was incompetent as a witness for or against his wife), that his wife, Anna M. Herron, was the owner of the property alleged to have been rented for gaming, that he was her agent, and that as such he had given the defendant Rivers express instructions not to rent the house for gaming.   (*b*) Special presentments against Anna M. Herron for renting the house for gaming, and against three other persons for keeping a gaming-house, over objection that it did not appear that Rivers had knowledge of these presentments or any connection with them, and that it did not appear that they related to the property of which he was agent.   For the other material facts see the opinion.

*Lawton & Cunningham*, for plaintiff in error.
*W. W. Osborne, solicitor-general*, contra.

LAMAR, J.  In criminal cases neither husband nor wife is competent or compellable as a witness for or against the other; but where neither is a party to the case on trial, the husband or wife is not necessarily incompetent, although the testimony may furnish the means by which the husband or wife may be prejudiced on another trial, for the Penal Code, § 1011, par. 4, does not apply in terms to such cases, and the evidence may be received notwithstanding such possible results, unless it be of the nature of the confidential communications absolutely prohibited by the Civil Code, § 5198 (1).   These are privileged, are excluded from principles of public policy, and not receivable in any trial, regardless of whether they are for or against the other.   There was a joint indictment; and had there been a joint trial, the husband could not have testified for or against the wife.   There had been a severance, however, and the husband was not incompetent to testify on the separate trial of Rivers.   *Whitlow* v. *State*, 74 *Ga.* 819 ; *Williams* v. *State*, 69 *Ga.* 13 (15); *Askea* v. *State*, 75 *Ga.* 356; *Ficken* v. *State*, 97 *Ga.* 814.   See also *Thomas* v. *State*, 115 *Ga.* 236; Com. *v.* Easland, 1 Mass. 15 ; Cornelius *v.* Com., 3 Met. (Ky.) 481.   Where the offense charged requires the joint act of the persons indicted, in order for either party to be guilty, then the husband or wife would not be competent to testify against such joint defendant,

even if there were a severance on the trial.    *Howard* v. *State*, 94 *Ga.* 587.

The defendant, a real estate agent, was jointly indicted with his principal, under the Penal Code, § 398, for knowingly renting a certain house, on November 24, 1902, with a view of the same being used for gambling.    Over the objection of the defendant, special presentments against the owner, for renting, returned in May and July, 1901, and against Monihan, Rosenthal, and Henderson, returned in July, 1901, for keeping a gaming-house, were admitted in evidence.    In view of what had already been established, these special presentments were admissible.    As to one case it appeared that the defendant had gone on the owner's bond.    From his testimony in a previous case, which was offered against him on his own trial, it appeared that he knew that the house had for years been used as a gaming-place; that he had been therein and seen the gambling paraphernalia.    From his own statement it appeared that prior to February, 1902, he charged $150 a month, when he knew that gambling went on, and less after that date, when the house was not used for that purpose.    He stated that he did not personally know of any gambling within two years; did not know what these persons who were specially indicted did, "but had an idea;" that there was a special clause in the lease that no gambling should be carried on.    Neither under civil (Civil Code, § 3933) nor criminal law can one refrain from following up a clue, for fear of discovering the truth, and then shield himself behind intentional ignorance. The exculpatory provision that no gambling should be carried on may itself amount to an incriminating circumstance, if the other facts tend to show that it was a mere subterfuge.    Penal Code, § 32. The purpose with which the house was leased can be proved only by facts and inferences therefrom.    Civil Code, § 5157.    If it was rented to one generally known as a gambler, or if the house had theretofore been used for gaming purposes, these facts may have a tendency to show guilty knowledge.    *McCain* v. *State*, 57 *Ga.* 390.    Each fact is proved separately, and the case can not be made out all at once.    If enough is not shown, the defendant can not be convicted; but no relevant fact can be excluded because by itself it does not prove the whole case.    See People v. Saunders, 29 Mich. 272; Harwood v. People, 26 N. Y. 192.    The restrictive rules of evidence are intended to prevent verdicts from being based on surmise;

not to exclude facts which, with others, tend to establish the charge. The statutes with reference to receiving stolen goods knowing them to be stolen (Penal Code, § 171), and renting houses with a view of their being used for illegal purposes (Penal Code, § 398), involve proof of the defendant's mental state; and as positive and direct evidence of such knowledge is, in the nature of things, ordinarily beyond the reach of the prosecution, all that the State can do is to prove facts from which knowledge can reasonably be inferred. The reputation of the persons renting the premises is one circumstance to be considered by the jury, having more or less weight according as this reputation is more or less notorious; and the fact that the inmates to whom the room had from time to time been rented had been presented for keeping a gaming-house was a circumstance —a link in the chain of evidence. The presentment did not prove their guilt, but it was a public charge, a fact which the jury could consider along with all the other testimony. The presentments themselves would have had no probative value unless the defendant knew thereof; but the State could prove them as a source of knowledge, just as it could prove the general reputation of the persons conducting the gambling-room. But after proving such reputation, or any other fact calculated to excite inquiry, it was not necessary to do more, and to show that these facts were actually within the knowledge of the defendant. In proving the full opportunity to know that these tenants were publicly accused of being gamblers the State had done all that could be required, and it was then for the defendant to show that he was ignorant of such charge having been made. In view of all that had been brought to the attention of the jury, it was not error to admit the special presentments. If not absolutely demanded, the verdict was amply sustained by the evidence; and the judgment is        *Affirmed. By five Justices.*