### 6597. WILLIAMS *v.* THE STATE.

WADE, J. 1. It is within the legal discretion of the court to allow leading questions to be propounded by the party calling the witness, when from the conduct of the witness or for other reason justice requires it; and the court did not abuse that discretion in allowing the questions complained of in the first ground of the amendment to the motion for a new trial. Penal Code, § 1045.

2. The court did not err in admitting testimony as to previous statements of a witness, offered merely for the purpose of showing that the State had been entrapped by this witness; especially in view of the instructions given the jury that this testimony had been allowed for that purpose alone.

3. The 3d ground of the amendment to the motion for a new trial complains of the admission of certain testimony, but since it fails to set forth what particular objection was urged to this testimony when the testimony was offered, this ground can not be considered by this court.

4. There is no merit in the 4th ground of the amendment to the motion for a new trial, which complains that the court instructed the jury that whether or not the defendant was guilty of the charge of receiving stolen goods was entirely a question of fact for their determination, without "using the expression 'receiving stolen goods knowingly;'" since the jury were fully instructed that the defendant could not be convicted unless he had knowledge that the goods received by him had been stolen.

5. The court instructed the jury that the case against the defendant depended upon circumstantial evidence, and that, to authorize a conviction, the proved facts must not only be consistent with the hypothesis of the guilt of the defendant, but must exclude every other reasonable hypothesis, and further charged them that "in order to convict the defendant Clay Williams, the proven circumstances must not only be consistent with his guilt, but must exclude every other reasonable hypothesis save the guilt of the defendant;" and the fact that the judge elsewhere in his charge instructed the jury that unless they were satisfied of the guilt of the defendant Williams beyond a reasonable doubt, it would be their duty to return a verdict of not guilty as to him, did not so negative the full and ample instructions in reference to circumstantial evidence as to require the grant of a new trial.

6. Knowledge that goods are stolen is an essential element of the crime of receiving stolen goods (*Sanford* v. *State,* 4 *Ga. App.* 449, 61 S. E. 741; *O'Connell* v. *State,* 55 *Ga.* 191), and this knowledge on the part of the accused must be proved, to warrant a conviction under the Penal Code, § 168 (*Stripland* v. *State,* 114 *Ga.* 843, 40 S. E. 993); but it may be inferred from circumstances (*Birdsong* v. *State,* 120 *Ga.* 850, 48 S. E. 329; *Rivers* v. *State,* 118 *Ga.* 42-45, 44 S. E. 859), where the circumstances shown would excite suspicion in the minds of ordinarily prudent men (*Cobb* v. *State,* 76 *Ga.* 664; *Cobb* v. *State,* 78 *Ga.* 801, 3 S. E. 628); and "the rule is too well settled to be disturbed, that the possession of stolen property immediately after it is stolen puts upon the possessor the burden of proving that his was not a guilty possession." *Daniel* v. *State,* 65 *Ga.* 200; *Wiley* v. *State,* 3 *Ga. App.* 120 (2), 123 (59 S. E. 438).

(*a*) A witness identified the goods found in the shoe-shop of the accused as the particular brand and kind of goods taken from the owner's possession, but there was some testimony showing that goods of the same brand and kind had been previously sold to the accused and were also sold generally by other merchants in the same city, and the witness for the State admitted that he had not inquired at all of the mercantile establishments in the city, to see that none of them handled the same kind and brand. There was no testimony to show any knowledge on the part of the accused that the property had been stolen at the time he received it, nor were there any circumstances in proof from which the jury could do more than surmise the existence of such guilty knowledge on his part. The verdict was therefore without evidence to support it, and consequently contrary to law, and the trial court erred in overruling the motion for a new trial.    *Judgment reversed.*

DECIDED AUGUST 6, 1915.

Indictment for receiving stolen goods; from Morgan superior court—Judge J. B. Park.  April 22, 1915.

*Williford & Lambert,* for plaintiff in error.

*Joseph E. Pottle, solicitor-general,* contra.