### 15273. BROWN *v.* THE STATE.

BROYLES, C. J. The verdict was amply authorized by the evidence, and none of the special grounds of the motion for a new trial shows reversible error.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED APRIL 15, 1924.

Conviction of sale of liquor; from Houston superior court—Judge Mathews. December 8, 1923.

*H. B. Bell, John R. Cooper, W. O. Cooper Jr.,* for plaintiff in error.

*Charles H. Garrett, solicitor-general,* contra.

---

### 15274. EDWARDS *v.* THE STATE.

LUKE, J. 1. In the trial of an indictment for assault with intent to murder, the person assaulted is a competent witness against the defendant, although testimony other than his, adduced upon the same trial, may tend to show that his wife, though not jointly indicted with the defendant on trial, was in fact an accomplice of the defendant in the commission of the alleged offense, and that the ultimate object and purpose of both in so attempting to kill the husband was to remove an obstacle to adulterous intercourse, as practiced in the past and contemplated for the future, by and between the defendant and the wife of the witness. Penal Code (1910), § 1037 (4); *Williams* v. *State*, 69 *Ga.* 13 (15); *Whitlow* v. *State*, 74 *Ga.* 819 (2); *Askea* v. *State*, 75 *Ga.* 356 (3); *Rivers* v. *State*, 118 *Ga.* 42 (1) (44 S. E. 859).

(*a*) Such adultery not being alleged in the indictment, and not being in any manner an essential element of the offense charged, the rule applicable to proceedings instituted in consequence of adultery is not here in point.

2. The evidence authorized the verdict, and the record discloses no reversible error.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED APRIL 15, 1924. REHEARING DENIED MAY 13, 1924.

Assault with intent to murder; from Cobb superior court—Judge Blair. December 8, 1923.

Application for certiorari was denied by the Supreme Court.

*Morris, Hawkins & Wallace,* for plaintiff in error.

*John S. Wood, solicitor-general,* contra.