### 26653. ARKWRIGHT v. THE STATE.

DECIDED JANUARY 14, 1938.

*Spence M. Grayson, Lewis A. Mills,* for plaintiff in error.
*Samuel A. Cann, solicitor-general, Andrew J. Ryan Jr.,* contra.

MACINTYRE, J. 1. "Knowledge that goods are stolen is an essential element of the crime of receiving stolen goods (*Sanford* v. *State,* 4 *Ga. App.* 449, 61 S. E. 741; *O'Connell* v. *State,* 55 *Ga.* 191), and this knowledge on the part of the accused must be proved, to warrant a conviction under the Penal Code, § 168 (*Stripland* v. *State,* 114 *Ga.* 843, 40 S. E. 993); but it may be inferred from circumstances (*Birdsong* v. *State,* 120 *Ga.* 850, 48 S. E. 329; *Rivers* v. *State,* 118 *Ga.* 42-45, 44 S. E. 859), where the circumstances shown would excite suspicion in the minds of ordinarily prudent men (*Cobb* v. *State,* 76 *Ga.* 664; *Cobb* v. *State,* 78 *Ga.* 801, 3 S. E. 628); and 'the rule is too well settled to be disturbed, that the possession of stolen property immediately after it is stolen puts upon the possessor the burden of proving that his was not a guilty possession.' *Daniel* v. *State,* 65 *Ga.* 200; *Wiley* v. *State,* 3

*Ga. App.* 120 (2), 123 (59 S. E. 438)." *Williams* v. *State,* 16 *Ga. App.* 697 (6) (85 S. E. 973).

2. While it is true that the principal thief testified that there was nothing to put the defendant Arkwright on notice that the goods were stolen, and the defendant likewise so said in his statement to the jury, yet the defendant's statement differed from the thief's testimony in that the former was to the effect that the thief said that the sugar (the property alleged to have been stolen) was "sweepings" and given to the thief by his boss to pay him for work. While the latter testified he told the defendant that the sugar was "sweepings," the thief's testimony does not disclose any reference to his boss having given him the sugar; on the contrary, the thief testified that he did not know to whom the sugar belonged, and that he stole it from an automobile truck. On the other hand, the evidence from which the jury were authorized to find that the defendant committed the offense charged, to wit, receiving the stolen goods knowing the same to be stolen, was in effect that the defendant first denied that he had bought the sugar from the principal thief; that the amount of the sugar the defendant so bought was eight sacks; that this was a larger amount of sugar than the principal thief would ordinarily have had to sell, he not being a merchant or a sugar salesman; that the defendant bought the sugar at a considerably reduced price; and that the circumstances under which the thief stopped the defendant on the street and offered to sell, and did finally sell, were suspicious. From all of these circumstances we think the jury were authorized to deduce knowledge on the part of the defendant that the sugar was stolen. The verdict was therefore supported by the evidence. *Cobb* v. *State,* 76 *Ga.* 664; *Birdsong* v. *State,* 120 *Ga.* 850, 853 (supra); *Rivers* v. *State,* 118 *Ga.* 42, 45 (supra); *Waldrop* v. *State,* 47 *Ga. App.* 849 (171 S. E. 840).

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*