27265. SUGGS *v.* THE STATE.

DECIDED JANUARY 27, 1939.

*H. Cliff Hatcher,* for plaintiff in error.
*P. B. Lewis Jr., solicitor,* contra.

MACINTYRE, J. The Code declares: "If any person shall buy or receive any goods, chattels, money, or other effects that shall have been stolen or feloniously taken from another, knowing the same to be stolen or feloniously taken, such person shall be an accessory after the fact, and shall receive the same punishment as would be inflicted on the person convicted of having stolen or feloniously taken the property." § 26-2620. And "If the principal thief can not be taken, so as to be prosecuted and convicted, the person buying or receiving any goods, chattels, money, or effects stolen or feloniously taken by such principal thief, knowing the same to be stolen, or feloniously taken, shall be punished as prescribed in the preceding section; and a conviction under this section shall be a bar to any prosecution under the preceding section." § 26-2621. H. E. Suggs was convicted under the two preceding Code sections of knowingly receiving stolen goods, the accusation having alleged that the "principal thief is unknown." The evidence relied upon by the State was wholly circumstantial. The defendant's motion for a new trial on the general grounds only was overruled, and he excepted. To constitute the offense charged, it is essential that it be shown: (1) that the accused bought or received the goods, (2) that the goods had been stolen by some person other than the accused, (3) that at the time of so doing the accused knew the same had been stolen, (4) that in so doing he acted with criminal intent.

If the defendant obtained lawful possession of the goods from the retailer, and the goods were at the time under the control of the producer (the proprietor of a dairy), by reason of the fact that they were under the control of his designated agent, the retailer,

and the defendant obtained the lawful or even innocent possession of the goods from such agent, the defendant would not be guilty of receiving stolen goods. Or, if the retailer sold the goods to a third person and delivered the same to him, or had given the third person a lawful possession with the understanding, either express or implied, that if he made a deposit to cover the value of the goods (milk bottles), it would be all right for him not to return the goods to the retailer, and such third person failed to return them, this would not be such *a guilty possession* by the third person as would authorize the conviction of the third person as a thief. Hence, if the defendant bought or received these goods from the third person, the goods so bought or received would not have the character of *stolen goods* at the time he received them, and he could not be convicted of knowingly receiving stolen goods. The mere fact that the present defendant, when arrested, had in his possession several sacks of bottles which he had bought from various parties, and among these bottles were "eight one-pint milk bottles . . marked with the name of J. H. Oliver Dairy, Waynesboro, Ga.," and it further appeared that the dairyman, J. H. Oliver, delivered his milk to his retailers in bottles of this character as well as in plain bottles, did not show, to the exclusion of every other reasonable hypothesis (which must be done in criminal cases based solely upon circumstantial evidence), that the defendant was guilty of the crime of knowingly receiving stolen goods, for "it must be shown that the principal, whether taken or not, whether known or not, is guilty." *Ford* v. *State,* 162 *Ga.* 422 (3) (134 S. E. 95); *Casper* v. *State,* 22 *Ga. App.* 126 (95 S. E. 534); *O'Connell* v. *State,* 55 *Ga.* 296; *Edwards* v. *State,* 80 *Ga.* 127 (4 S. E. 268); *Lemon* v. *State,* 18 *Ga. App.* 689 (90 S. E. 368); *Simmons* v. *State,* 4 *Ga.* 465.

While we are not inclined, and in fact are not authorized, to disturb the verdict if there is any evidence to support it, we fail to find in this record any evidence in support of the proposition that the milk bottles which were found in the defendant's possession were in fact stolen by a "principal thief," who in this case must be a person other than the defendant. This being true, we are constrained to hold that the evidence did not warrant the verdict of guilty of knowingly receiving stolen goods. The judge erred in overruling the motion for new trial.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*