30937. BIRD *v.* THE STATE.

MACINTYRE, J. 1. The sheriff testified, over the defendant's objection, that Kelly White, in the presence of the defendant and the sheriff, said, with reference to the stolen shirt, that "Ben Bird [the defendant] never did get a chance to carry it home with him because it just happened that he [the defendant] didn't have a chance to get it away before he [the defendant] thought he [McBride] had stolen it." The objections of the

defendant were: "I object to that statement made by Kelly White as being irrelevant and inadmissible, it is a mere assumption on the part of Kelly White, making a statement as to why he [the defendant] stayed there, and it is not binding on the defendant." The defendant also further stated: "I am not making my objection that it was not in the presence of the defendant, but on the ground that what he said was a conclusion on the part of the witness." *Held:* After considering the evidence as a whole, our interpretation of the sheriff's testimony, objected to, is that what White stated, in the presence of the defendant and the sheriff, was that the defendant did not know that the shirt had been stolen at the time he bought and received it, otherwise he would have carried it away from the place where he had bought it, before the sheriff arrived to investigate the matter. Under this interpretation, the objections should have been sustained and its allowance was error. The case being reversed upon another ground, it is unnecessary to decide whether this error was harmless.

2. "The conviction of the principal is not an element in the crime defined in the Penal Code, § 168 [26-2620], but is a regulation which affects the time when or the manner in which a person indicted under said section can be tried. The gist of the offense created by said section is buying or receiving goods with the felonious knowledge that they were stolen." *Ford* v. *State,* 162 *Ga.* 422 (2) (134 S. E. 95).

3. "Before a conviction can be had for the offense created under said section, it must be shown that the principal, whether taken or not, whether known or not, is guilty." *Ford* v. *State,* supra.

4. Where one is charged with knowingly receiving stolen goods, and it is shown by the evidence that recently, after the commission of the offense, the stolen goods were found in the possession of the defendant, that fact alone would not authorize the jury to infer that the accused was guilty of receiving stolen goods knowingly unless he explained his possession to their satisfaction. Upon proof alone of recent possession of stolen goods, the law does not put the burden upon the possessor of stolen goods of proving that he was not guilty of receiving the goods knowingly, as is contended by the State. This rule, sought to be invoked by the State, would only apply to the sufficiency of the evidence which would authorize the jury to infer the guilt of the principal thief, McBride (the person who stole the goods), but would not apply to the sufficiency of the proof which would authorize an inference of the guilt of Bird (the person alleged to have knowingly received the stolen goods). *Suggs* v. *State,* 59 *Ga. App.* 394 (1 S. E. 2d, 39); *Arkwright* v. *State,* 57 *Ga. App.* 221 (194 S. E. 876); *Ford* v. *State,* supra.

5. Where the testimony did not show any knowledge on the part of the accused that the shirt had been stolen at the time he received it, nor any circumstances from which the jury could do more than surmise the existence of such guilty knowledge on his part, the verdict was, without evidence to support it and contrary to law, and the court erred in overruling the motion for new trial. See *Birdsong* v. *State,* 120 *Ga.* 850 (48 S. E. 329); *Williams* v. *State,* 16 *Ga. App.* 698 (85 S. E. 973).

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*

DECIDED SEPTEMBER 25, 1945.

*W. G. Neville,* for plaintiff in error.
*John F. Brannen, solicitor,* contra.