33739. KELL *v.* HUNTER.

Decided November 9, 1951.

*E. Harold Sheats,* for plaintiff in error.

*Walker & Kilbride, Morris Talley,* contra.

WORRILL, J. (After stating the foregoing facts.) ■ It is · well settled that this court has no authority, on the general grounds, to disturb a verdict supported by some evidence and

approved by the trial judge, even if there is conflicting evidence from which the jury would have been authorized to return a contrary verdict. Here, there is ample evidence to support the verdict of the jury and it has the approval of the trial judge.

■ In the second ground of the amended motion for a new trial the defendant assigns error on the admission of the following testimony of the plaintiff: "I told him that by letting out contracts for all of the work and not having any crews working by the hour we could get it done. That I would not have time to stay there and supervise an hourly crew every minute and see that they worked and it wouldn't be wise to try to carry on a house that way." Counsel for the defendant objected on the ground that the plaintiff had already testified that he would devote whatever time was necessary to get the job done. There is other evidence in the record which limits the plaintiff's time in substantially the same way as the evidence complained of. In fact, according to the plaintiff's testimony, his statement as to giving all the time necessary was in response to this statement of the defendant, "I want you to help me with all of the contracts, to go by the house several times a day and make a check on everything and see how it's coming along, and order the material as needed." Later, the plaintiff testified, without objection, as follows: "Mr. Kell understood I was not to spend all day long, every day, on the job. That I had other things to do." Even if there was error in overruling the objections and admitting the testimony, it was cured when testimony of the same import was given by the same witness without objection and allowed to go to the jury for full consideration. *Hartley* v. *Sanders*, 45 *Ga. App.* 273 (2) (164 S. E. 232); *Louisville & Nashville R. Co.* v. *McCamy*, 72 *Ga. App.* 769 (35 S. E. 2d, 206).

■ The third ground of the amended motion assigns error on the admissibility of the following testimony of the plaintiff: "I was present part of the time; yes, sir. We had agreed with Mr. Carrouth, who was to furnish all the carpenter work, that he was to lay out the house. In fact he said he wouldn't take the carpenter work unless he put up the batter-boards, and that, himself." Defendant objected on the ground that the wishes of a carpenter were irrelevant, since the plaintiff had contracted to supervise the construction of the house and that allowing him

to testify that laying out the house was the responsibility of the carpenter tended to limit his duties. However, on cross-examination the plaintiff, without objection, testified: "Laying out the foundation was not my job. ` Mr. Carrouth said if he was going to do the carpenter work, he wanted to lay it out, so he laid it out and I checked it." Later, Mr. Carrouth testified as follows: "Usually a carpenter contract is from the foundation up. It works both ways. It could be lawful either way. You could take it from the foundation up, or take the foundation completed. I presumed to lay out the outside of the house." If there was any error in admitting the testimony over objections, it became harmless and immaterial when the objecting party elicited the same evidence on cross-examination (*Southeastern Greyhound Lines Inc.* v. *Hancock*, 71 *Ga. App.* 471, 31 S. E. 2d, 59), and when testimony to the same effect was given by another witness without objection (*New York Life Ins. Co.* v. *Ittner*, 62 *Ga. App.* 31, 8 S. E. 2d, 582).

◼ The fourth ground of the amended motion for a new trial assigns error on the overruling of two objections, while the plaintiff was on the witness stand. The question, "Mr. Hunter, how much on an architect's fee did Mr. Kell save by your work?" was objected to as irrelevant and immaterial to the case. This objection is too general and is insufficient to present anything for consideration. *Jackson* v. *Moultrie Production Credit Assn.*, 76 *Ga. App.* 768, (47 S. E. 2d, 127). The plaintiff's answer, "An architect would usually charge about $2000 for a job of that type, and a contractor normally would make about 10%, which would have been another $2000," was objected to on the ground that the plaintiff had expressly denied that he was a contractor. It is true that the plaintiff had denied that he was a contractor, but he did not claim that he performed the duties of a contractor and he was not attempting to collect a contractor's fee. However, the evidence was admissible to show how much a contractor would have charged, so the jury, if they desired, could have used that figure in comparison in determining how much the plaintiff deserved for rendering a lesser service. It was relevant and there is no error in allowing it to go to the jury to be weighed with other evidence.

◼ Ground five of the amended motion contends that the

verdict is excessive. "The question of damages being one for the jury, the court should not interfere, unless the damages are either so small or so excessive as to justify the inference of gross mistake or undue bias." Code, § 105-2015. "This court has no power to review and set aside the finding of the jury because their verdict is claimed to be excessive, unless it appears that the verdict was due to prejudice or bias, or was influenced by corrupt means." *Atlantic Greyhound Corporation* v. *Austin*, 72 *Ga. App.* 289 (3), (33 S. E. 2d, 718). There is no showing of prejudice, bias or corrupt means, and the verdict of the jury, approved by the trial judge who saw and heard the witnesses testifying, will not be disturbed by this court.

*Judgment affirmed. Sutton, C.J., concurs. Felton, J., concurs in the judgment.*