### 35020. AUSTIN *v.* THE STATE.

DECIDED FEBRUARY 17, 1954—REHEARING DENIED MARCH 5, 1954.

*Wesley R. Asinof, Howard, Howard, Slaton & Holt,* for plaintiff in error.

*Paul Webb, Solicitor-General, Charlie O. Murphy, William E. Spence,* contra.

TOWNSEND, J. ■ A statement by a defendant to a witness, during the investigation of a case, that he committed the offense for which he is later put on trial at a certain geographically lo-

cated spot, plus the sworn testimony of the witness on the trial that such spot is in the county of the court taking jurisdiction of the case, is sufficient proof of venue, where there are no circumstances tending to prove that the venue was in fact in some other county. *Dowdell* v. *State,* 200 *Ga.* 775 (1) (38 S. E. 2d 780); *Davis* v. *State,* 66 *Ga. App.* 877 (4) (19 S. E. 2d 543). The only circumstances from which a contrary inference here might be drawn are the facts that the defendant and the automobile were found in Cherokee County, and that, while the automobile was, according to the uncontradicted evidence, stolen in Fulton County, the defendant was acquitted of the charge of larceny. These facts, however, do not raise any presumption that the automobile might have been received in Cherokee County, any more than in Fulton County, where it was stolen, or in Cobb County, at a point on the other side of the river from that pointed out by the defendant as the spot he had in fact received it. Accordingly, it must be held that venue was sufficiently proved.

■ The essential ingredients of the offense of receiving stolen goods under Code §§ 26-2620 and 26-2621 are set forth in *Suggs* v. *State,* 59 *Ga. App.* 394 (1 S. E. 2d 39), as follows: "(1) that the accused bought or received the goods, (2) that the goods had been stolen by some person other than the accused, (3) that at the time of so doing the accused knew the same had been stolen, (4) that in so doing he acted with criminal intent." The accused was found in possession of the automobile, and admitted that it had been turned over to him. This car had been stolen from the prosecuting witness for the State. The jury here acquitted the defendant of the charge of larceny, from which it follows that it was stolen by another than himself. The remaining questions, then, are: whether the defendant received the automobile knowing it to have been stolen, and whether he did so with criminal intent. On a charge of receiving stolen goods, as distinguished from a charge of larceny, mere proof that the goods have been stolen does not authorize a verdict of guilty, and the rule of possession of recently stolen goods is not sufficient to infer guilt even in the absence of an explanation of such possession. *Bird* v. *State,* 72 *Ga. App.* 843 (35 S. E. 2d 483). Knowledge and intent, however, being peculiarly subjective, may be inferred from

circumstances. A charge as follows: "If they were received under such circumstances as would cause him to reasonably believe that the goods were stolen, then, under the law, you would be authorized to convict," was approved in *Birdsong* v. *State*, 120 *Ga.* 850 (3) (48 S. E. 329). As to what circumstances may be considered, these include contradictory statements by the defendant, as well as facts which the jury might find sufficient to excite the suspicions of the defendant as a reasonable man. *Arkwright* v. *State*, 57 *Ga. App.* 221 (194 S. E. 876). The defendant first said that a friend had lent him the automobile, but neither he nor an independent investigation disclosed anything tending to show the existence of this person. The defendant later said that the car had been left with him to have repairs made. This contradictory statement on his part, coupled with the apparent nonexistence of the person from whom he contended he got the car, the place where he said he received it, and other circumstances, authorized the jury to find that the defendant received the automobile knowing it to have been stolen.

The trial court did not err in denying the motion for a new trial as amended.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*