37206. BROOKS *v.* THE STATE.

DECIDED JULY 16, 1958.

R. A. Whitsett, Louis M. Tatham, for plaintiff in error.

Paul Webb, Solicitor-General, Frank S. French, Eugene L. Tiller, contra.

TOWNSEND, Judge. ■ As to venue, the automobile was stolen in Fulton County, the defendant lived in Fulton County, and he was seen driving it in Fulton County within a few hours after the burglary. Venue may be proved by circumstantial evidence, and when there is nothing in the record to raise an inference to the contrary, slight circumstances may be sufficient to prove this element of the offense. *Hammond* v. *State*, 88 *Ga. App.* 804 (77 S. E. 2d 836); *Stanley* v. *State*, 94 *Ga. App.* 737(2) (96 S. E. 2d 195). The evidence was sufficient to authorize the jury to find that the stolen goods had been received in Fulton County.

■ On the trial of an indictment charging the offense of receiving stolen goods it is essential that it be shown: (1) that the accused bought or received the goods, (2) that the goods had been stolen by some person other than the accused, (3) that at the time of so doing the accused knew the same had been stolen, and (4) that in so doing he acted with criminal intent. *Suggs* v. *State*, 59 *Ga. App.* 394 (1 S. E. 2d 39). Recent possession alone, unexplained, is insufficient to sustain a conviction. *Bird* v.

*State,* 72 *Ga. App.* 843 (4) (35 S. E. 2d 483). The identity of the principal thief is immaterial where it is alleged that he is to the grand jurors unknown, but "it must be shown that the principal, whether taken or not, whether known or not, is guilty." *Ford* v. *State,* 162 *Ga.* 422 (3) (134 S. E. 95). The guilty knowledge of the receiver, being in most cases not susceptible of direct proof, may be shown by circumstantial evidence, and if from all of the circumstances "the jury can conclude that the receiver did have good reason, as a reasonable person, to believe or suspect that the goods were stolen, they may well conclude, if he did not inquire and investigate before he received them, that he had knowledge, such as the law will charge him with, of the character of the goods and of the person from whom he received, as one who had stolen them." *Cobb* v. *State,* 76 *Ga.* 664, 666. See also *Rivers* v. *State,* 118 *Ga.* 42 (44 S. E. 859).

In the present case the uncontradicted evidence shows that a place of business was burglarized, that an automobile was stolen, and that the principal thief is unknown. The same jury that convicted the defendant on the receiving count which is here, acquitted him of the charge of burglary. Accordingly he has been conclusively adjudged not to be the principal thief. He was in possession of the property on the same evening that it was stolen, and the fact that after colliding with the taxicab he refused to get out and inspect the damage, but instead ran a red light and disappeared, would authorize a jury inference that in his mind there was reason for flight. The fact that the property was recovered in an area accessible to the defendant, but that it was not parked in the immediate vicinity of his home, would also authorize an inference that he was making some effort to conceal it. He rested his defense entirely upon alibi, yet failed to account for the absence of four witnesses who his wife claimed would be able to testify to the fact that he had not left his home on the evening during which the goods were stolen and the defendant was seen by the taxi driver driving the Cadillac. Under this conflict in testimony the jury was authorized to disbelieve the statement of the defendant's wife that he had been at home at the time in question. All of the evidence taken together, although circumstantial, was sufficient to authorize the finding

that the defendant was in possession of the stolen property knowing it to have been stolen.

The trial court did not err in denying the motion for new trial. *Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*