## 38791. CLARKE v. THE STATE.

JORDAN, Judge. The defendant was tried and convicted in the Superior Court of Fulton County for the offense of receiving stolen goods under *Code* §§ 26-2620 and 26-2621. His motion for new trial on the general and special grounds was denied and he excepts to that judgment. *Held:*

1. Before a conviction can be had for the offense of receiving stolen goods under *Code* §§ 26-2620 and 26-2621, every fact essential to the conviction of the principal thief, whether he be known or unknown, must be proved, as well as that the party on trial received the stolen goods with knowledge that they were stolen. *Ford v. State,* 162 Ga. 422 (3) (134 S. E. 95); *Stripland v. State,* 114 Ga. 843 (2) (40 S. E. 993); *Ford v. State,* 35 Ga. App. 655 (134 S. E. 353); *Belton v. State,* 21 Ga. App. 792 (95 S. E. 299); *Wright v. State,* 1 Ga. App. 158 (2) (57 S. E. 1050).

2. Before one can be convicted of receiving stolen goods it must appear from the evidence that he knew the property was stolen at the time he received it. This knowledge may generally be inferred from circumstances which would excite the suspicions of an ordinarily prudent man. *Licette v.*

*State,* 75 Ga. 253; *Cobb v. State,* 76 Ga. 664; *Von Sprecken v. State,* 70 Ga. App. 222 (28 S. E. 2d 341).

3. However, the mere fact that, recently after the commission of the offense, the stolen goods are found in the possession of the defendant does not authorize the jury to infer that the accused was guilty of receiving said stolen goods knowingly. "Upon proof alone of recent possession of stolen goods, the law does not put the burden upon the possessor of stolen goods of proving that he was not guilty of receiving the goods knowingly. . . . This rule . . . would only apply to the sufficiency of the evidence which would authorize the jury to infer the guilt of the principal thief . . . but would not apply to the sufficiency of the proof which would authorize an inference of the guilt of . . . the person alleged to have knowingly received the stolen goods." *Bird v. State,* 72 Ga. App. 843, 844 (4) (35 S. E. 2d 483). See also *Suggs v. State,* 59 Ga. App. 394 (1 S. E. 2d 39); *Chambers v. State,* 94 Ga. App. 531 (95 S. E. 2d 326).

4. Assuming but not deciding that the evidence was sufficient to show that the goods in the instant case were stolen as alleged in the indictment, the evidence as to the guilt of the defendant for the offense of receiving said stolen goods authorized a finding of nothing more than the fact that the defendant had possession of part of the goods shortly after the commission of the alleged offense. While this may be sufficient to raise an inference that the defendant did receive the goods, it is not sufficient under the authorities cited in division 3 of this opinion to authorize the finding that the defendant was guilty of receiving stolen goods knowingly. Accordingly, the evidence neither showing guilty knowledge on the part of the defendant nor any circumstances from which the jury could do more than surmise the existence of such guilty knowledge on his part, the verdict was without evidence to support it and contrary to law; and the trial court erred in denying the motion for new trial on the general grounds.

5. Since the error complained of in special ground 4 (failure to prove venue) is not likely to recur on the subsequent trial of this case, that ground will not be passed upon. The remaining special grounds were not argued and are therefore considered abandoned.

*Judgment reversed.* *Townsend, P. J., and Frankum, J., concur.*

DECIDED MAY 24, 1961.

*Frank. A. Bowers,* for plaintiff in error.

*Paul Webb,* Solicitor-General, *Thomas R. Luck, Jr., Eugene L. Tiller,* Assistant Solicitors-General, contra.