44215. GASKIN v. THE STATE.

ARGUED JANUARY 7, 1969—DECIDED APRIL 25, 1969.

*Sumner & Boatright, J. Laddie Boatright,* for appellant.

*Dewey Hayes, Solicitor General,* for appellee.

QUILLIAN, Judge. ■ The appellant contends that the trial judge erred in charging the jury "where one is found in possession of stolen goods immediately after the theft, the burden to prove that his was not a guilty possession rests upon him."

A state of confusion exists as to whether the quoted charge has application to the type of crime for which this defendant was indicted. One line of decisions holds that, while the charge would be appropriate as to the principal thief, it would not apply to one who is charged with receiving stolen goods. However, another line of cases in direct conflict states that the charge is applicable.

The leading case which states that the charge would apply to one who is charged with receiving stolen goods is *Williams v. State,* 16 Ga. App. 697 (6) (85 SE 973). It should be noted that as authority for that position the *Williams* decision cites *Daniel v. State,* 65 Ga. 199, and *Wiley v. State,* 3 Ga. App. 120 (2) (59 SE 438), both of which were larceny and not receiving stolen goods cases.

In *Bird v. State,* 72 Ga. App. 843 (4) (35 SE2d 483), the court held: "Where one is charged with knowingly receiving stolen goods, and it is shown by the evidence that recently, after the commission of the offense, the stolen goods were found in the possession of the defendant, that fact alone would not authorize the jury to infer that the accused was guilty of receiving stolen goods knowingly unless he explained his possession to their satisfaction. Upon proof alone of recent possession of stolen goods, the law does not put the burden upon the possessor of stolen goods of proving that he was not guilty of receiving the goods knowingly, as is contended by the State. This rule, sought to be invoked by the State, would only apply to the sufficiency of the evidence which would authorize the jury to infer the guilt of the principal thief, McBride (the person who stole the goods), but would not apply to the sufficiency of the proof which would authorize an inference of the guilt of Bird (the person alleged to have knowingly received the stolen goods)." The reasoning set forth in the *Bird* case is the sounder posi-

tion and has been followed in other decisions of this court. See *Austin v. State,* 89 Ga. App. 866, 868 (81 SE2d 508); *Washington v. State,* 96 Ga. App. 844, 845 (101 SE2d 885); and *Clarke v. State,* 103 Ga. App. 739 (3) (120 SE2d 673). The cases of *Williams v. State,* 16 Ga. App. 697, supra, *Arkwright v. State,* 57 Ga. App. 221 (194 SE 876), *Nichols v. State,* 111 Ga. App. 699, 702 (143 SE2d 41), and all other cases insofar as they contain language conflicting with the ruling made in this division are expressly overruled. The instruction excepted to was error.

■ An agent of the Georgia Bureau of Investigation testified over objection that he had gone to the defendant's home around the middle of the year looking for some feed that had been stolen but did not recover any. This evidence was not admissible because it was irrelevant. *Code* § 38-201.

■ The appellant assigns error on the admission of evidence of a State's witness that he had sold the defendant stolen goods on several occasions. The appellant contends that this evidence placed the defendant's character in issue. However, there was cross examination of the witness wherein he was questioned on the same subject matter. Under *Kell v. Hunter,* 84 Ga. App. 792 (3) (67 SE2d 597), the admission of the evidence, even if erroneous, was harmless.

■ The remaining enumerations of error are without merit.

*Judgment reversed. Felton, C. J., Jordan, P. J., Hall, Deen and Whitman, JJ., concur. Bell, P. J., Eberhardt and Pannell, JJ., concur specially.*

PANNELL, Judge, concurring specially. I agree that the charge referred to in Division 1 of the opinion was erroneous, but not for the reasons given in the opinion to the effect that the rule of recent possession of stolen property has no application to a case where one is charged with receiving stolen goods.

I agree that confusion exists, not only as to whether the rule of recent possession of stolen property applies to a case where one is charged with receiving stolen goods, but also as to just what the rule is, and what may constitute a correct charge to the jury under it. In my opinion, the charge given was not a proper charge to a jury.

It is my opinion that the rule of recent possession of stolen

property is applicable in a case where one is charged with receiving stolen goods. I must agree with the majority that the cases cited in *Williams v. State*, 16 Ga. App. 697 (6), supra, are all larceny cases, but in my opinion, this is a distinction without a difference. The *Williams* case has been followed by this court in *Arkwright v. State*, 57 Ga. App. 221 (1), supra; *Nichols v. State*, 111 Ga. App. 699, 701, supra. The *Arkwright* case was followed in *Holsey v. State*, 113 Ga. App. 553 (149 SE2d 152). The majority rely upon the case of *Bird v. State*, 72 Ga. App. 843 (4), supra, which has been followed in *Austin v. State*, 89 Ga. App. 866, 868, supra; *Washington v. State*, 96 Ga. App. 844, 845, supra; *Brooks v. State*, 98 Ga. App. 13, 14 (104 SE2d 620); *Clarke v. State*, 103 Ga. App. 739 (3), supra. However, the *Bird* case cites as authority no case which in any way sustains the ruling made. The cases cited are *Suggs v. State*, 59 Ga. App. 394 (1 SE2d 39); *Arkwright v. State*, 57 Ga. App. 221, supra; *Ford v. State*, 162 Ga. 422 (134 SE 95). The *Suggs* case is authority only for the ruling that it must be shown the goods are stolen in order to sustain a conviction. The *Ford* case is authority only for the elements necessary to be proven by the State in order to sustain a conviction. The *Arkwright* case (written by the same judge who wrote the *Bird* case) quotes from and follows *Williams v. State*, 16 Ga. App. 697 (6), supra, and rules exactly opposite to the ruling which it is cited to sustain. Not only is the ruling in the fourth division of the *Bird* case not sustained by the authority cited, but in Division 6 of the same opinion, in making its conclusionary ruling, the court cites the *Williams* case. This definitely indicates, without doubt, that confusion exists in the matter, but I see no reason to disagree with the ruling in the *Williams* case, which is, if the rule of recent possession of stolen property is applicable to convict the principal thief of larceny or burglary, it should also be applicable to one charged with receiving the stolen goods knowing them to have been stolen. This seems to be the rule in the majority of jurisdictions in this country. See 76 CJS 33, 34, Receiving Stolen Goods, § 17b. For these reasons, I think the *Williams* case states the better rule rather than the *Bird* case.

Even so, I must concur in the judgment of reversal for the

reason that the charge given, in effect, directs a verdict of guilty in the absence of an explanation of how the defendant secured possession of the stolen goods. While the charge given is almost an exact quote from an opinion by the Supreme Court in *Daniel v. State,* 65 Ga. 199, 200, supra, that does not necessarily mean that it is proper to charge the jury in the language of the opinion. Where one is found in the recent possession of the stolen property and such possession is not satisfactorily explained, this is but a circumstance sufficient to authorize a jury to find that the accused is guilty as charged, but it does not create a presumption of law against the accused, and does not of itself *necessarily* prove his guilt. To charge that this circumstance creates a presumption that one so found in possession of stolen property is guilty of receiving the same knowing it to be stolen, "and is of itself proof of guilt, is to compel the jury to do that which they are merely permitted by law to do." *Gravitt v. State,* 114 Ga. 841 (40 SE 1003, 88 ASR 63). "The law raises no presumption; it simply permits the jury to infer guilt from the fact of recent possession unaccounted for." *Lewis v. State,* 120 Ga. 508 (48 SE 227). In the present case, there was no language in the charge to the jury indicating merely that they were authorized to convict under the circumstances (see in this connection *Tucker v. State,* 57 Ga. 503, 505). See *Parker v. State,* 34 Ga. 262 (3) wherein it was held: "The judge ought not, in any case, to say to the jury 'the defendant is guilty and you ought to find him so,' even though it be not stated absolutely, but conditionally upon the existence of certain facts, and the finding of those facts be referred exclusively to the jury." As was said by Justice Bleckley in *Hill v. State,* 63 Ga. 578, 583: "There is a wide difference between resting the result of a trial upon facts which legally *constitute* the offense charged, and making it turn upon other facts which are merely *evidence* of the constituent facts." The charge here should have been so worded as to state to the jury that proof of recent possession of stolen property, in the absence of any satisfactory explanation of such possession, would authorize a finding that the defendant had guilty knowledge at the time he received the goods and thus authorize a conviction for the offense charged. See in this

connection *Brown v. State,* 74 Ga. App. 98 (3) (38 SE2d 871); *Hawkins v. State,* 80 Ga. App. 496 (1) (56 SE2d 315) and the corresponding division of the opinion.

For the reasons given, I concur in the judgment of reversal.

I am authorized to state that Presiding Judge Bell and Judge Eberhardt concur with the views herein expressed.

EBERHARDT, Judge, concurring specially. For the following reasons I am inclined to join Judge Pannell in his special concurrence:

Anciently at common law the receiver of stolen goods was held to be guilty of misprision of the felony, but under Statute of 3 William & Mary, c. 9, § 4 he was made an *accessory after the fact.* The statute was amended by 1 Anne, Stat. 2, c. 9, § 2 and by 5 Anne, c. 31, §§ 5, 6, to provide that if the principal thief could not be taken, the receiver might be separately prosecuted. Later the law was made to provide that the crown might proceed against the receiver without reference to the principal thief. Rex v. Solomons, 1 Moody 292; Rex v. Pulham, 9 Car. & P. 280. See 1 Bishop, Criminal Law, 424, § 699.

It will thus be seen that our Anglo-Saxon philosophy about the matter is that the receiver shares guilt in the theft itself. His offense was separated because of the difficulties of prosecution of an accessory after the fact when the principal could not be taken or prosecuted.

Under the new Criminal Code, § 26-1806, the crime is "Theft by receiving stolen property," and a conviction is authorized when he receives property "which he knows or should know was stolen."

This may be demonstrated by circumstantial evidence—for it is rare indeed that the State could ever prove by direct evidence knowledge that the goods were stolen. The rule as to this is clearly and well stated in *Cobb v. State,* 76 Ga. 664 (2) and in *Birdsong v. State,* 120 Ga. 850 (3) (48 SE 329).

When the State has proven that the goods were stolen, I cannot see why the unexplained possession of them by one charged with receiving stolen goods—recently after the theft itself—is not strong circumstantial evidence from which the jury may infer knowledge of the character of the goods on the defendant's part, and thus authorize a conviction.

I agree that the charge as given is incorrect.

I agree that there is confusion in the rule as stated in the two lines of cases—confusion which we should clear up for the benefit of the bench and bar. In so doing we should cite all cases that are to be discredited. We owe that to the bench and bar.